**UNITED STATES of America, Appellee,**

v.

**Charles Joseph PUNELLI, Appellant.**

**UNITED STATES of America, Appellee,**

v.

**Charles Joseph PUNELLI, Appellant.**

**Nos. 89–1051, 89–1356.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 12, 1989.

Decided Jan. 2, 1990.

Steven H. Shindler, Des Moines, Iowa, for appellant.

Ronald M. Kayser, Des Moines, Iowa, for appellee.

---

* THE HONORABLE EARL R. LARSON, Senior United States District Judge for the District of Minnesota, sitting by designation.

1. The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

2. Count four of the superseding indictment charged "[t]hat on or about May 22, 1985, in the

Before ARNOLD and MAGILL, Circuit Judges, and LARSON,* Senior District Judge.

MAGILL, Circuit Judge.

On September 27, 1988, a grand jury indicted Charles Joseph Punelli (Punelli), charging him with three counts of violating various federal narcotics statutes. The jury trial which commenced on November 28, 1988, ended in a mistrial on December 6, after the district court found the jury to be genuinely deadlocked. On December 15, 1988, a grand jury returned a superseding indictment which charged Punelli with five counts of violating various narcotics laws. Two of those five counts charged new violations of the federal narcotics laws, two restated counts of the original indictment with only changes in the dates of the crimes charged, and one was identical to one of the counts contained in the original indictment. After the district court denied Punelli's motion for a thirty-day continuance on December 29, 1988, the case proceeded to trial for a second time. The jury trial commenced on January 3, 1989. Punelli was convicted one week later on four counts of violating various federal narcotics laws.

Punelli appeals his conviction alleging the district court [1] erred when it denied his motion for continuance and his motion to dismiss the superseding indictment due to prosecutorial vindictiveness. He also alleges the district court erred when it dismissed Count four [2] of the superseding indictment and when it declared a mistrial due to jury deadlock. Punelli argues that: (1) his rights under 18 U.S.C. § 3161(c)(2) were violated when he was forced to go to trial less then thirty days from the date of his arraignment on the superseding indictment; (2) his retrial on January 3, 1989 violated his right under

Southern District of Iowa, CHARLES JOSEPH PUNELLI, did knowingly and intentionally distribute approximately eight ounces of cocaine, a Schedule II controlled substance, within one thousand feet of the real property comprising a public elementary or secondary school" in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 845a(a).

the fifth amendment to be free from double jeopardy; (3) the two new counts charged in the superseding indictment[3] were the product of prosecutorial misconduct; and (4) Count four should have been dismissed due to new evidence submitted in violation of the district court's pretrial ruling or, in the alternative, should not have been submitted to the jury. Because we find the district court's rulings to be without error, we affirm.

## I.

On September 27, 1988, a grand jury returned a three count indictment against Punelli. Count one charged Punelli with "knowingly or intentionally distribut[ing] approximately 16 ounces of cocaine" in the Southern District of Iowa on February 10, 1985 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B). Count two charged him with "knowingly or intentionally distribut[ing] approximately 8 ounces of cocaine" in the Southern District of Iowa on September 20, 1985. Count three charged him with willfully and knowingly combining, conspiring, confederating and agreeing with "William R. Houck and other divers persons ... to knowingly and intentionally distribute cocaine" from October 1, 1982 until on or about December 1985 in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846.

The jury trial on these charges commenced on November 28, 1988. During the trial, the government elicited testimony involving possible violations of law for which Punelli had not been originally indicted. First, William Robert Houck (Houck), a witness for the government and former associate of Punelli, testified that on February 23, 1985, approximately one hour before his home was burglarized and he was assaulted, he received one-half pound of cocaine

from Punelli. Tr. at 139.[4] Second, evidence was received which indicated not only that Punelli distributed cocaine in his home but that his home was directly across the street from a school. Tr. at 122 (Houck testified that a junior high school was located across the street from Punelli's home on Grand Avenue); Tr. at 127 (district court noted "there is already evidence in [the] record of the fact there is a school across the street, and [the court has not] heard any protest of that."); Tr. at 128 (Exhibit 2–A, a map showing Punelli's house is located across street from school, received into evidence); Tr. at 158 (Houck testified he received cocaine at Punelli's Grand Avenue home across the street from the school until Punelli moved in the summer of 1985); Tr. at 462–63 (government witness, John Beghtol (Beghtol), testified he received cocaine at Punelli's home on Grand Avenue); Tr. at 464–65 (Beghtol testified he received cocaine five to six times at Punelli's Grand Avenue house). Third, Beghtol testified he began receiving cocaine from Punelli in the latter part of 1984 and did not end his association with Punelli until early 1986.[5] Tr. at 466.

The case was submitted to the jury on December 5, 1988 after five days of testimony. A juror then asked to be released from the jury panel because of irregular and improper contact by a third party. The district court excused the juror and subsequently sequestered the remaining jurors after the jury had retired for the evening. The following morning, the jury sent a message to the court indicating that it was having difficulty in reaching a decision. The court gave no further instructions other than to order the jury to continue its deliberations.

At 1:45 p.m. on December 6, 1988, after approximately eight hours of deliberations,

---

**3.** Count four, *supra* note 2, and Count three were the two new counts charged in the December 15, 1988 indictment. Count three charged "[t]hat on or about February 23, 1985, in the Southern District of Iowa, CHARLES JOSEPH PUNELLI, did knowingly and intentionally distribute approximately eight ounces of cocaine, a Schedule II controlled substance" in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).

**4.** All transcript references are to the first trial, November 28, 1988 to December 5, 1988, unless otherwise noted.

**5.** The original indictment charged Punelli with conspiracy with others to distribute cocaine from October 1, 1982 to about December 1985. Beghtol's testimony extends the date of the conspiracy beyond that charged in the original indictment.

the jury sent a second message stating: "Your Honor, we have come to an impasse on all three counts, and the vote has not changed for four votes. We all believe that we are a hung jury." Tr. at 2 (December 6, 1988). After seeking input from counsel about how to respond to the jury's second message, the court sent a message to the jury stating: "Response to second jury note. Members of the jury, I have your second note. You should continue your deliberations, and in doing so, you should also review and take into consideration Instruction No. 28,[6] one of the instructions to the jury which I previously read and delivered to you." Tr. at 19 (December 6, 1988).

At 5:00 p.m. later that day, after eleven hours of actual deliberations, the jury sent a third note to the court stating: "After debate on Instruction 28, more deliberations and review of instructions to the jury, we are still at an impasse as to a decision on all three counts. The situation has not changed since the last memo. We also feel that this situation is *not*[7] going to change." Tr. at 20 (December 6, 1988). After consulting counsel about the appropriate response to the third communication, the court declared a mistrial.

The court identified three factors supporting its decision to declare a mistrial. First, the case was not complex. It did not involve a significant number of counts or lengthy testimony. Furthermore, the instructions were straightforward and the jury, which had appeared attentive throughout trial, did not appear to be confused by the instructions. Tr. at 22–23 (December 6, 1988). Second, the jury had appeared to be at an impasse since its first note early in the morning of December 6,

1988. Furthermore, beginning with its second note the jury asked not for directions but to be released. Tr. at 23 (December 6, 1988). The court also noted that it was concerned because the sequestration of the jury caused by evidence of improper contact with one juror placed the jurors in an "unfortunate restricted situation without advance notice." Third, there appeared to be improper contact with at least one of the jurors who had been released on December 5, 1988. The court was concerned that such contact may have tainted the trial. After declaring the mistrial, the court set a new trial date of January 3, 1989. Tr. at 23–24 (December 6, 1988).

On December 15, 1985, the grand jury returned a superseding indictment in five counts. Count one was the same as the conspiracy charge in Count three of the original indictment except that the superseding indictment expanded the conspiracy to distribute cocaine from an end date of December 1985 to June 1986. Count two was the same as the charge in Count one of the original indictment except that the superseding indictment charged that on or about February 17, 1985, instead of February 10, 1985, Punelli "knowingly and intentionally distribut[ed] approximately sixteen ounces of cocaine" in the Southern District of Iowa in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A).[8] Count three, which was not present in the original indictment, charged him with "knowingly and intentionally distribut[ing] approximately eight ounces of cocaine" in the Southern District of Iowa on February 23, 1985 in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A). Count four, which was also not present in the original indictment, charged him with

---

**6.** Jury Instruction No. 28 stated:

A verdict must represent the considered judgment of each juror. Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. An inconclusive trial is always undesirable. Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence with your fellow jurors. In the course of your deliberations, do not hesitate

to reexamine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest belief as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

**7.** The word "not" was underlined twice by the jury foreperson.

**8.** Punelli was found not guilty of Count two of the superseding indictment.

"knowingly and intentionally distribut[ing] approximately eight ounces of cocaine ... within one thousand feet of the real property comprising a public elementary or secondary school" on May 22, 1985 in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 845a(a). Count five was exactly the same as the charge in Count two of the original indictment.

On December 13, 1988, two days before the superseding indictment was returned, Punelli filed a motion for acquittal, a motion to dismiss the original indictment, a motion to continue, and a notice of appeal to this court.[9] The district court scheduled a hearing on the motions for December 21, 1988. On that date, Punelli filed a motion to dismiss the superseding indictment, claiming he had not received a copy thereof until December 19.

At the December 21, 1988 motions hearing, Special Agent Ken Franson (Franson) testified he obtained photographs of Punelli's house on November 27, 1988, the day before the trial had commenced. It was not until he had obtained the photographs that evidence was presented to the United States Attorney's Office for the first time indicating Punelli had been engaged in the distribution of cocaine within one thousand feet of a schoolyard. He further testified that the decision to seek a superseding indictment based upon this evidence was made on December 8, 1988, two days after the mistrial and five days before Punelli filed an appeal with this court.

Franson testified that this decision was based upon several factors. First, after reinterviewing Houck, the government discovered he could sufficiently recall certain activities on or about May 22, 1985 to charge Punelli with distribution of a controlled substance within one thousand feet of a schoolyard. Second, Houck went to Punelli's house after Punelli returned from a meeting with his tax lawyers. Based upon his recollection of the date of Punelli's meeting with the tax lawyers, Houck was able to sufficiently identify May 22, 1985 as the date of the narcotics activity. Third, Counts one and three of the superseding indictment merely conformed the indictment to the evidence presented at the first trial and Count five was the same as Count two of the original indictment. Finally, the United States Attorney's Office received the new information regarding Houck's ability to identify specific time periods after the mistrial, which was the first time such time periods were identified.

The district court denied Punelli's motions to continue the date of the second trial, to dismiss the indictment based upon double jeopardy, and to dismiss the superseding indictment on the ground of vindictiveness. Punelli was thereafter arraigned on December 29, 1988, on the superseding indictment.[10] After his arraignment, Punelli filed a motion for continuance under 18 U.S.C. § 3161(c)(2), claiming a statutory right to a thirty-day continuance from the date of the arraignment. The district court denied Punelli's motion. In so doing, the court noted: (1) "the changes from the original indictment to the superseding indictment have been relatively small in nature with respect to preparation" (the district court based this belief in part on the government's representation that the evidence in the second trial would be essentially the same as in the first); and (2) the time from the return of the superseding indictment to the date of trial was sufficient for Punelli to prepare a defense. Nevertheless, the court warned the government that "if its evidence ... is substantially different, [ (i.e.,] if the defendant would be surprised at the nature of the evidence presented[ )], that [the government] is at risk that the charges that are significantly different may be dismissed in the interest of justice, or a continuance granted, or such other appropriate order entered as will accomplish and serve the ends of justice." Tr. at 35–36 (December 29, 1988). The district court further directed the government to use the same

---

9. Punelli's appeal was dismissed as "frivolous" by this court because it failed to "raise a substantial double jeopardy issue." *United States v. Punelli*, No. 88–2864 (8th Cir. Feb. 8, 1989).

10. The district court also disposed of all pending motions on December 29, 1988.

open file policy it used in preparation for the first trial, making available "the same quality and quantity of information that was requested." Tr. at 36 (December 29, 1988).

## II.

### A.

■ Punelli first argues that his rights under the Speedy Trial Act, 18 U.S.C. § 3161(c)(2), were violated when he was forced to go to trial less than thirty days from his arraignment on the superseding indictment. We reject Punelli's suggestion that § 3161(c)(2) enacts a *per se* rule that the thirty-day speedy trial clock automatically restarts upon the filing of a superseding indictment even when the superseding indictment is not substantially the same as the original indictment but is materially different and even when the defendant suffers prejudice.

■ Section 3161(c)(2) provides that "[u]nless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed *pro se.*" It is well settled that Congress did not intend that the thirty-day "trial preparation period begin to run from the date of filing of a superseding indictment." *United States v. Rojas–Contieras,* 474 U.S. 231, 234, 106 S.Ct. 555, 557, 88 L.Ed.2d 537 (1985) (*Rojas*); *see also United States v. Reynolds,* 781 F.2d 135, 137 (8th Cir.1986) (rejecting "contention that section 3161(c)(2) prohibits commencement of trial less than 30 days after filing of a superseding indictment"). Therefore, § 3161(c)(2) does not require that the defendant receive an additional thirty day trial preparation period after the filing of a superseding indictment. This conclusion is unaffected even if the changes from the original to the superseding indictment are substantial because the date of the superseding indictment is not relevant to the start of the thirty-day trial preparation period. *See Rojas,* 474 U.S. at 234, 106 S.Ct. at 557. The *Rojas* Court

noted that as a matter of statutory construction, § 3161(c)(2) "clearly fixes the beginning point for the trial preparation period as the first appearance through counsel. It does not refer to the date of the indictment, much less to the date of any superseding indictment." *Id.* at 234, 106 S.Ct. at 557. Therefore, even assuming the charges in Punelli's original indictment are substantially different from those in the superseding indictment, we hold that Punelli is not automatically entitled to a thirty-day continuance.

■ In reaching this conclusion, we "do not hold that a defendant must always be compelled to go to trial less than 30 days after the filing of a [superseding] indictment." *Id.* at 236, 106 S.Ct. at 558. The district court has *broad discretion* to grant a continuance under 18 U.S.C. § 3161(h)(8) when necessary to allow the defendant to further prepare for trial. *Id.* Section 3161(h)(8) authorizes the district court to grant a continuance if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Therefore, even if the original indictment varies substantially from the superseding indictment, the district court is not bound to exercise its broad discretion to grant a continuance unless the defendant would be prejudiced by a lack of time to prepare a defense to the charges in the superseding indictment. *Rojas,* 474 U.S. at 236, 106 S.Ct. at 558; *United States v. Watkins,* 811 F.2d 1408, 1411 & n. 4 (11th Cir.) (dictum), *cert. denied,* 482 U.S. 909, 107 S.Ct. 2490, 96 L.Ed.2d 381 (1987). Even in the narrow circumstances when the district court is bound to exercise its broad discretion and grant a continuance, however, the court is not necessarily compelled to grant an additional thirty days. The length of the continuance will depend on the facts and circumstances of each case.

Punelli was not prejudiced by the return of the superseding indictment. Count one of the superseding indictment was the same as Count three in the original indictment except that the superseding indictment expanded the conspiracy to distribute

cocaine from December 1985 to June 1986. Defendant had notice during the first trial through the testimony of government witness Beghtol that the conspiracy extended at least into "early 1986." To that extent the date change merely incorporated evidence introduced at the first trial. Even if we were to find that June 1986 is not "early 1986," we would nonetheless be compelled to conclude Punelli was not prejudiced by the change. *See Rojas*, 474 U.S. at 237, 106 S.Ct. at 558. There is simply no evidence of prejudice in this record. Punelli argues that he was not able to develop an alibi defense at trial because the district court refused to grant the continuance. In order to demonstrate prejudice, Punelli needs to do more than merely allege that he could not fully develop an alibi defense. He must demonstrate with specificity what that defense would have been so that we can determine if the denial of the continuance prejudiced him. Punelli has failed to demonstrate how his defense would have been any different had he had additional time to prepare for trial. Finally, even if we were to find some slight prejudice, Punelli had fifteen days after he received the superseding indictment to construct an alibi defense. Given this record and this time period, we cannot say the district court abused its broad discretion in denying Punelli's motion for a continuance on this count.

Punelli was clearly not prejudiced by the date change in the superseding Count two. This count was exactly the same as Count one in the original indictment except that the superseding indictment states the narcotics violation occurred on February 17, 1985, instead of February 10, 1985. Because Punelli was found not guilty on this count, he could not have been prejudiced.

Punelli was also not prejudiced by Count three in the superseding indictment which was not present in the original indictment. Count three charged Punelli with distributing eight ounces of cocaine on February 23, 1985. There was testimony concerning this narcotics violation at the first trial.

Government witness Houck testified that he received approximately one-half pound of cocaine from Punelli approximately one hour before Houck was robbed on February 23, 1985. Therefore, because the superseding indictment merely conformed to the evidence adduced at the first trial, the defendant cannot be said to have been surprised or his defense prejudiced by going to trial nineteen days after the return of the superseding indictment.

Punelli was also not prejudiced by the new Count four in the superseding indictment which charged him with distributing approximately eight ounces of cocaine within one thousand feet of a school on May 22, 1985. Contrary to Punelli's assertions on appeal, there was considerable evidence elicited at the first trial that Punelli had distributed cocaine across the street from a school.[11] Therefore, because this new count merely conformed to the evidence adduced at the first trial, we cannot say that the district court abused its broad discretion in refusing to grant a continuance beyond January 3, 1989. Punelli argues that there was no evidence in the first trial that his home was within one thousand feet of the school. We find Punelli's assertion that he was prejudiced as a result of this alleged omission to be wholly unpersuasive under the facts of this case. First, a map was introduced as Government Exhibit 2–A which showed a school across the street from Punelli's house. Second, Punelli cannot be said to have been surprised to the point of prejudicing his defense by the fact that the school directly across the street from his own house was closer than three football fields away.

Punelli further argues that charging him with distributing cocaine within one thousand feet of a school on May 22, 1985 prejudiced him. There is no evidence in the record that Punelli was prejudiced by the fixing of an exact date to this charge. His mere hypothesizing about a potential alibi defense does not provide a sufficient basis for us to overturn the district court's exer-

---

**11.** Tr. at 122, 127, 128, 158, 462–63, 464–65, 466.

cise of its broad discretion.[12]

Finally, Punelli could not have been prejudiced by Count five of the superseding indictment. Count five involved exactly the same charge as Count two of the original indictment.

We hold that the district court did not abuse its broad discretion in refusing to grant a continuance of thirty days. Punelli had fifteen days to prepare for trial after he received the superseding indictment. The changes from the original to the superseding indictment were either nonexistent or, although substantial, merely conformed to evidence adduced at the first trial. Furthermore, Punelli has failed to demonstrate that he was prejudiced by the court's refusal to grant a thirty-day continuance. Therefore, we affirm the district court's refusal to grant the continuance.

### B.

Punelli next argues that his retrial on January 3, 1989 violated the double jeopardy clause of the fifth amendment because the jury was not genuinely deadlocked when the district court declared the mistrial. Punelli originally appealed to this court on double jeopardy grounds the district court's declaration of the mistrial and decision to set a new trial date. In *United States v. Punelli*, No. 88–2864 (8th Cir. Feb. 8, 1989), this court granted the government's motion to dismiss Punelli's appeal. We noted that the appeal did not raise a substantial double jeopardy issue. Therefore, it was dismissed as frivolous. The argument advanced on appeal by Punelli today merely rehashes the same argument we have already found to be frivolous.[13] We again dismiss Punelli's appeal on double jeopardy grounds as frivolous. *Id.*

### C.

Punelli next argues that the government sought the superseding indictment in retaliation for his filing the December 13,

1988 appeal to this court. The district court denied Punelli's motion to dismiss the superseding indictment for prosecutorial vindictiveness. The district court found that no presumption of vindictiveness had arisen in the case and there was no objective evidence that the prosecution had added the new charges to punish Punelli for exercising his rights. We reject Punelli's argument and affirm the district court's refusal to dismiss the superseding indictment due to prosecutorial vindictiveness.

A prosecutor's discretion to charge is very broad. *United States v. Goodwin*, 457 U.S. 368, 382, 102 S.Ct. 2485, 2493, 73 L.Ed.2d 74 (1982). The due process clause "is not offended by all possibilities of increased punishment ... but only by those that pose a realistic likelihood of 'vindictiveness.'" *Id.* at 384, 102 S.Ct. at 2494 (ellipsis in original), *quoting Blackledge v. Perry*, 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). In order to demonstrate prosecutorial vindictiveness, a defendant must show that the superseding indictment containing the additional charges was sought in retaliation for exercising constitutional or statutory rights. *See United States v. Mays*, 738 F.2d 1188, 1189–90 (11th Cir.1984) (per curiam). Although a rebuttable presumption of vindictiveness may arise when prosecutors increase the number or severity of charges, "[i]f any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish appeals, no presumption of vindictiveness is created." *United States v. Krezdorn*, 718 F.2d 1360, 1365 (5th Cir.1983) (en banc), *cert. denied*, 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984); *see also United States v. Reed*, 821 F.2d 322, 326 (6th Cir.1982) (no presumption of vindictiveness when no evidence of prosecutor's improper motivation

---

**12.** Punelli did in fact argue an alibi defense for that date although his motion for the thirty-day continuance had been denied.

**13.** The court admonishes counsel for Punelli for filing this frivolous appeal on double jeopardy grounds for the second time.

in upgrading tax evasion charges). When the presumption is not created, the defendant retains the burden of proof on vindictiveness. *See United States v. Krezdorn,* 718 F.2d at 1365.

 Courts will not find prosecutorial vindictiveness when the reindictment was not a reaction to the defendant's assertion of some right. *See United States v. Khan,* 787 F.2d 28, 32–33 (2d Cir.1986) (no vindictiveness when superseding indictment filed because mistrial resulted from hung jury and prosecutor agreed with court's decision to declare mistrial). Furthermore, there can be no prosecutorial vindictiveness if the prosecutor revised the charge because of newly discovered evidence. *See United States v. Bryant,* 770 F.2d 1283, 1286–87 (5th Cir.1985) (no vindictiveness when government brought additional charges after scope of defendants' illegal actions found to be broad during interviews of witnesses in preparation for trial on original indictment), *cert. denied,* 475 U.S. 1030, 106 S.Ct. 1235, 89 L.Ed.2d 343 (1986).

We do not disturb the district court's finding that no presumption of vindictiveness arose in this case and no evidence of a vindictive motive by the prosecutor existed. The objective circumstances indicate the prosecutor's decision to reindict was motivated by some purpose other than a vindictive desire to punish Punelli's exercise of his right to appeal to this court. First, the decision to seek a superseding indictment was made on December 8, 1988, five days before defendant filed an appeal with this court. The decision to obtain the new indictment could not, therefore, have been in retaliation for filing an appeal. Second, the government sought the superseding indictment because of evidence elicited in the first trial. Because that trial ended in a mistrial, the government had an opportunity to seek a superseding indictment. Such a motivation following a mistrial is not vindictive. *See United States v. Khan,* 787 F.2d at 33. Third, the superseding indictment was sought based upon newly discovered evidence either shortly before the first trial or immediately thereafter. The pictures of Punelli's house across from the school which the government sought to admit were obtained the day before the first trial commenced. Testimony regarding the school was even elicited during the first trial. The mistrial enabled the government to seek a superseding indictment to conform the charges to the evidence it had recently discovered and used at trial. Furthermore, other charges in the indictment were based upon evidence presented at the first trial which enabled the government to pinpoint exact dates of distribution. Finally, after trial, the reinterview of a key government witness enabled the government to prove other events such as the distribution of cocaine in Punelli's house across from the school on May 22, 1985. Therefore, we affirm the district court's finding of no vindictiveness because the government sought the superseding indictment after a mistrial, the government decided to seek the superseding indictment before the defendant even exercised his right to appeal, the superseding indictment was based on newly obtained evidence and there is no objective evidence of a retaliatory motive.

D.

 Punelli finally argues that Count four should have been dismissed due to the new evidence submitted in violation of the court's pretrial ruling or, in the alternative, should not have been submitted to the jury. Punelli argues that the evidence submitted at the second trial was substantially different from the evidence at the first trial in violation of the district court's pretrial order because the government used additional evidence to pinpoint Punelli's house as being across the street from the school and introduced evidence through the testimony of Special Agent Ken Franson that Punelli's house was located 221 feet from the school. We find Punelli's arguments to be without merit.

The district court's December 29, 1988 pretrial order did not exclude all new evidence that was not introduced at the first trial. Instead, the court stated that it would deny Punelli's motion for a continuance based in part "on the government's

representation that its evidence [would] be essentially the same in this case [ (the second trial) ] as it was in the original three-count indictment." The district court overruled Punelli's objections to evidence introduced at the second trial, finding that the new evidence submitted at the second trial was essentially the same as that submitted at the first trial. There was a considerable amount of evidence elicited at the first trial that placed Punelli's home across the street from the school. Furthermore, although the exact distance of 221 feet was not introduced into evidence at the first trial, there was testimony that the school was across the street. Since 21 U.S.C. § 845a(a) punishes the distributor of a controlled substance *within one thousand feet of a school*—a distance of three football fields—it can hardly be said that testimony that Punelli's home was within one thousand feet was substantially different than testimony that it was across the street. Because we hold that the district court's finding that the evidence was essentially the same is not clearly erroneous, we affirm the court's refusal to dismiss Count four and decision to submit it to the jury.[14]

### III.

We affirm Punelli's conviction. In so doing, we hold that (1) his rights under 18 U.S.C. § 3161(c)(2) were not violated when the district court denied his motion for a continuance of thirty days following his arraignment on the superseding indictment even though there were substantial changes from the original to the superseding indictment; (2) the retrial of Punelli on January 3, 1989 does not raise a serious double jeopardy question; (3) the superseding indictment's two new charges were not the product of prosecutorial vindictiveness; and (4) Count four was properly submitted to the jury.

---

**14.** We also reject Punelli's argument that the evidence was insufficient to sustain a conviction for violation of 21 U.S.C. § 845a(a) because of the strict liability nature of the crime. Punelli alleges that Count four should require more than a paid employee of the government, who is untrained in measurements, stepping off the distance between the defendant's house and school across the street. We find Punelli's argument to be without merit. The distance between the school and the house was stepped off at 221 feet, well under the statutory distance of one thousand feet. If the distance had been much closer such as just under the statutory limits, a different case might be presented. But that case is not before us. The evidence introduced to demonstrate distance, although not perfectly accurate, was more than sufficiently accurate to sustain Punelli's conviction.

We also dismiss as without merit Punelli's argument that the Count four date, May 22, 1985, alleged in the superseding indictment varied prejudicially from the proof at trial. The indictment stated "on or about" May 22, 1985. Even if the evidence did not support the charge that the offense occurred on May 22, 1985, it does not mean that the offense did not occur "on or about" that date. We therefore reject Punelli's argument as frivolous. We also note that Punelli argues in support of this argument that his alibi defense proved he was not in his attorney's office on May 22, 1985. We note that it is inconsistent for Punelli to claim that he was prejudiced because he was not able to develop alibi defenses when the district court denied his motion for a continuance and then state in support of another argument that he should prevail in part because of his strong alibi defenses. We reject Punelli's arguments.