# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 96-2816

_____

United States of America,             *
                                       *
            Appellee,                  *
                                       *  Appeal from the United States
      v.                               *  District Court for the
                                       *  Eastern District of Missouri.
Jimmy Vaughn, also known as            *
Jimmy Thompson,                        *
                                       *
            Appellant.                 *

_____

Submitted:  February 10, 1997

Filed:  April 17, 1997

_____

Before BOWMAN and WOLLMAN, Circuit Judges, and BOGUE,[1] District Judge.

_____

BOWMAN, Circuit Judge.

Following a trial by jury, Jimmy Vaughn was convicted of five counts of possessing with intent to distribute, and two counts of attempting to possess with intent to distribute, controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994).

_____

[1]The Honorable Andrew W. Bogue, United States District Judge for the District of South Dakota, sitting by designation.

The District Court[2] sentenced him to 240 months in prison.  Vaughn appeals, and we affirm.

Because Vaughn does not challenge the sufficiency of the evidence to support his conviction, we need not relate in great detail the facts underlying his case.  Vaughn was convicted of possessing or attempting to possess different combinations of cocaine, cocaine base, and marijuana on four different occasions:  February 1993, June 1994, May 1995, and February 1996.  For sentencing purposes, the District Court attributed to Vaughn approximately six kilograms of marijuana, two kilograms of cocaine, and 170 grams of cocaine base.

Vaughn's first point on appeal concerns the application of the Speedy Trial Act's timing provisions, 18 U.S.C. § 3161 (1994).  Vaughn was originally indicted on June 30, 1995, on two counts relating to possession of drugs in May 1995.  Throughout the remainder of 1995, Vaughn retained two different private attorneys and obtained several continuances of his scheduled trial date.  In November 1995, the court appointed a public defender to represent Vaughn because his second retained attorney had a conflict of interest.  On February 1, 1996, the grand jury returned a first superseding indictment against Vaughn, adding charges relating to incidents in June 1994 and February 1993.  The trial was further postponed to April 1, 1996.

---

[2]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

While Vaughn was free on bond, he was arrested again on February 23, 1996, for additional drug offenses. A second superseding indictment including these new charges followed on February 29, and Vaughn was arraigned on the new charges on March 5. A new retained attorney entered an appearance on Vaughn's behalf on March 19 and moved to continue the trial date, citing the need for time to prepare for trial. As the April 1 trial date approached, counsel also raised the Speedy Trial Act objection we consider here. The District Court denied Vaughn's motion, and the case proceeded to trial, where Vaughn was convicted.

The particular subsection of the Speedy Trial Act with which we are concerned here provides: "Unless the defendant consents in writing to the contrary, the trial shall not commence less than thirty days from the date on which the defendant first appears through counsel or expressly waives counsel and elects to proceed pro se." 18 U.S.C. § 3161(c)(2) (1994). Vaughn argues that he did not appear through counsel in response to the new charges in the second superseding indictment until he was arraigned on March 5, and he should not have been required to go to trial on April 1, less than thirty days later. We disagree.

A defendant is "not automatically entitled to a thirty-day continuance" upon the filing of a superseding indictment. United States v. Simpson, 979 F.2d 1282, 1287 (8th Cir. 1992) (involving addition of new charge to indictment before trial), cert. denied, 507 U.S. 943 (1993); see also United States v. Rojas-Contreras, 474 U.S. 231, 234 (1985) (involving minor correction of indictment before trial); United States v. Punelli, 892 F.2d 1364, 1369 (8th

Cir. 1990) (involving addition of new charges to indictment before retrial); <u>United States v. Reynolds</u>, 781 F.2d 135, 137 (8th Cir. 1986) (involving housekeeping amendment to indictment before retrial). A district court has discretion to grant a continuance if the "ends of justice" so require. 18 U.S.C. § 3161(h)(8)(A) (1994). We have previously recognized that a district court is not required to exercise its discretion to grant a continuance unless the defendant would be prejudiced by a lack of time to prepare to meet the new charges in the superseding indictment. <u>See</u> <u>Simpson</u>, 979 F.2d at 1287; <u>Punelli</u>, 892 F.2d at 1369; <u>cf.</u> <u>Rojas-Contreras</u>, 474 U.S. at 240-41 (Blackmun, J., concurring in the judgment) ("[A] continuance should be granted where there is a meaningful possibility that a superseding indictment will require an alteration or adjustment in the planned defense.").

We cannot conclude that the District Court abused its discretion in refusing to allow Vaughn another continuance of the trial. We note that Vaughn's trial did not start until twenty-seven days after his latest arraignment and thirty-two days after the grand jury returned the latest indictment. We also recognize that Vaughn has not specified any way in which he was prejudiced by the District Court's action; he argues only that the new charges made the case more complex and that there was a possibility that his planned defense would have to be altered. But Vaughn now has been to trial and has been convicted. If he cannot now demonstrate actual prejudice as a result of the District Court's order, we can hardly conclude that the District Court abused its discretion in issuing that order.

Nor does the last-minute appearance of Vaughn's new retained attorney affect our analysis. The District Court took this issue into account and concluded that it did not tip the balance in favor of another continuance:

> The belated entry of the retained counsel now representing defendant in no way supports a request for a continuance, given the length of these proceedings, the Court's previous generosity to defendant in connection with his attempts to retain counsel of his choosing, and counsel's knowledge of the trial setting at the time of his entry of appearance. Competent appointed counsel was in place and prepared to try the case on the assigned docket.

Order at 7. In any event, a review of the trial transcript reveals that Vaughn's new counsel was prepared to handle the charges of February 1996: counsel effectively cross-examined the government's witnesses and introduced testimony, including testimony of an agent of the Drug Enforcement Agency, that was inconsistent with the government's evidence. In light of these factors, we cannot agree with Vaughn that the appearance of new counsel requires us to conclude that the District Court abused its discretion in denying a continuance.

Vaughn raises a double-jeopardy argument based on the forfeiture of $19,777 seized during his May 1995 arrest. He claims that he dropped his objections to that forfeiture as part of an agreement with a police detective, who allegedly told Vaughn that he would not be prosecuted if he assisted the police and did not contest the forfeiture action. This argument is foreclosed by United States v. Ursery, 116 S. Ct. 2135 (1996), in which the

Supreme Court held that in rem civil forfeiture does not constitute punishment for purposes of the Double Jeopardy Clause. See id. at 2142. Because Vaughn was not punished in the earlier forfeiture action, it follows that his conviction in the instant case did not constitute a second punishment for the same offense.[3]

Vaughn's next argument is that the District Court erred in denying his motion to disqualify the United States Attorney's office. Vaughn's theory below was that the Assistant United States Attorney was privy to a prior inconsistent statement made by a police officer and thereby became a material witness as to the officer's credibility; as a material witness in the case, the Assistant United States Attorney could not also serve as prosecutor. The District Court concluded that this issue was moot because the officer admitted making the prior inconsistent statement, and we agree. On appeal, Vaughn presents a different theory of disqualification, arguing that the Assistant United States Attorney was aware of the deal Vaughn allegedly made with a police detective regarding the forfeiture of $19,777 and was therefore a material witness on that issue. Vaughn did not present this argument to the District Court, so it is not properly before us, and if he had, the District Court's factual finding that no such deal existed would have ended the matter, subject only to appellate review for clear error, which we do not find on this

_____

[3]Vaughn also argues that the District Court's conversion of forfeited cash into equivalent drug quantities for sentencing purposes constituted double jeopardy. This argument is meritless, not only because it is wrong in principle following Ursery, but also because the District Court made no such conversion since it would not have affected Vaughn's base offense level anyway.

record.  The argument is thus doubly doomed, and it affords Vaughn no basis for relief.

Vaughn also complains that the District Court abused its discretion in admitting evidence that he had accumulated assets that he placed in other individuals' names.  We conclude that admission of this evidence was error, but it was harmless error.

The evidence that Vaughn disguised his assets could be admissible for one of two purposes:  as direct evidence of the crimes with which Vaughn was charged, or as evidence that Vaughn was engaged in other unsavory activities at some other time.  We conclude that neither of these purposes can justify admission of this evidence in the circumstances of this case.

Near the beginning of the trial, the government presented four women, each of whom testified that Vaughn took her to a car dealer (or a motorcycle dealer, in one case), where he purchased a vehicle but asked her to title it in her name.  Afterwards, each testified, she rarely if ever saw the vehicle again.  All of these transactions took place before February 1993, the date of the first possession incident involved in this case, and the vehicles involved had no discernible connection to the drugs Vaughn was charged with possessing.  (Accordingly, we are unable to fathom any way in which this evidence was directly probative of an issue in this case.)  The prosecutor evidently planned to have a police officer testify that drug dealers commonly title assets in others' names, but he neglected to elicit that testimony.  As we see it, this evidence could have been relevant only to show that in the

past Vaughn had engaged in conduct typical of drug dealers; this might help to persuade the jury that Vaughn was guilty of the drug crimes with which he was charged. Viewed in this manner, the evidence is classic character or propensity evidence.[4]

> Federal Rule of Evidence 404(b) provides:
>
> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

For the trial court to admit evidence of a bad act under Rule 404(b), the evidence must be relevant to a material issue raised at trial; the act must be similar in kind to and not overly remote in time from the crime charged; there must be sufficient evidence to support a finding by the jury that the defendant committed the act; and the potential prejudice of the evidence must not substantially outweigh its probative value. See <u>United States v. DeAngelo</u>, 13 F.3d 1228, 1231 (8th Cir.), <u>cert. denied</u>, 512 U.S. 1224 (1994). We review the District Court's decision to admit evidence under Rule 404(b) for abuse of discretion, and we will find an abuse of

---

[4]If the mistitled assets are integral to the offenses for which the defendant is on trial, evidence about mistitling may be relevant and admissible. See <u>United States v. Daniels</u>, 723 F.2d 31, 32-33 (8th Cir. 1983) (per curiam) (holding that, where defendant was charged with possession of drugs found in car and apartment nominally belonging to another person, police officer could testify that drug dealers commonly use "front men"; testimony "helped the jury understand why Daniels was being charged for possession of narcotics in property held in another's name").

discretion only if it is clear that the evidence had no bearing on any issues involved in the case. See id. at 1232.

As we have said, the evidence that Vaughn placed assets in others' names is not direct evidence as to any issue in his trial. The government's position, however, appears to be that this evidence is circumstantial evidence tending to prove Vaughn guilty of the charged offenses. The argument is based on the factual premise that drug dealers frequently mistitle assets to conceal ill-gotten gains; because Vaughn mistitled assets, it may be inferred that he is a drug dealer, and the jury is invited to draw that inference in considering whether he is guilty of the drug trafficking crimes for which he is being tried.

Evidence of past drug trafficking may be relevant to show intent to distribute, knowledge that the substances in the defendant's possession are drugs, or the absence of a mistake or accident that the drugs are in the defendant's possession. See, e.g., United States v. Thomas, 58 F.3d 1318, 1321 (8th Cir. 1995) (holding that evidence of prior drug transactions is generally admissible under Rule 404(b) if defendant places state of mind in issue). The government, however, presented no evidence of any prior drug deals by Vaughn, and the evidence of Vaughn's past mistitling of assets creates at best only a weak inference that he has trafficked in drugs in the past. It follows that the probative value of this evidence, if any, is very little, and its potential for unfair prejudice is high. We therefore conclude that the District Court abused its discretion by admitting the evidence that Vaughn placed vehicles in the names of others.

We nevertheless believe that the admission of this evidence was harmless error. The government presented substantial evidence of Vaughn's possession of controlled substances on each occasion cited in the indictment, and the quantities of the drugs alone clearly demonstrated his intent to distribute them. Moreover, the prosecutor did not emphasize the evidence of mistitled assets in his argument to the jury. Finally, taking the evidence as a whole, we cannot conclude that any unfair prejudice to Vaughn as a result of the admission of this propensity evidence was significant, in light of other, admissible evidence tending to reflect poorly on Vaughn's character. In particular, we believe the jury was much more likely to draw negative inferences about Vaughn's character from the nature of the charges themselves--four arrests for possession of substantial quantities of drugs within a three-year period, including one such arrest when he was out on bond awaiting trial on the other charges-- than it was from the evidence of Vaughn's efforts to camouflage his assets. See United States v. Sutton, 41 F.3d 1257, 1260 (8th Cir. 1994) (concluding that admission of character evidence was harmless where defendant's bad character was established by admissible evidence), cert. denied, 115 S. Ct. 1712 (1995). Considering all of these factors, we conclude that the admission of this evidence does not require the reversal of Vaughn's conviction, because we are satisfied that it "did not have 'substantial and injurious effect or influence in determining the jury's verdict.'" United States v. Mihm, 13 F.3d 1200, 1205 (8th Cir. 1994) (quoting Brecht v. Abrahamson, 507 U.S. 619, 623 (1993) (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946))).

Finally, Vaughn challenges the District Court's two-level enhancement of his sentence for possession of a firearm, pursuant to § 2D1.1(b)(1) of the sentencing guidelines. Vaughn argues that the government did not prove a connection between the seized firearm and the drug offenses. "At sentencing, the burden is on the government to show by a preponderance of the evidence that a dangerous weapon was present and that it was not clearly improbable that the weapon had a nexus with the criminal activity." United States v. Betz, 82 F.3d 205, 210 (8th Cir. 1996); see also U.S. Sentencing Guidelines Manual § 2D1.1 commentary, n.3 (1995). We review an enhancement under § 2D1.1(b)(1) for clear error. See Betz, 82 F.3d at 210.

When officers executed a search warrant for Vaughn's mother's residence in May 1995, they found Vaughn and several other individuals counting money in the living room. In Vaughn's bedroom, the officers discovered approximately ninety-five grams of cocaine base and eighty grams of cocaine, along with a loaded .357 revolver on a dresser.[5] Officers also seized $19,777 in currency, some of which was in Vaughn's bedroom and some of which was elsewhere in the house. In these circumstances, we conclude that the District Court did not clearly err in finding a sufficient nexus between the firearm and the drug offenses, and thus the enhancement was proper. See United States v. McCracken, No. 96-2738, slip op. at 11 (8th Cir. Apr. 2, 1997) (affirming enhancement where firearms and drugs were found in bedroom); United States v.

---

[5]Although Vaughn's mother testified that she owned a gun, she did not identify the .357 revolver as her own.

Macklin, 104 F.3d 1046, 1048 (8th Cir. 1997) (affirming enhancement where firearms, $16,000 in cash, and drugs were found in bedroom); Betz, 82 F.3d at 210-11 (affirming enhancement where firearms and $5600 in cash were found in house and drugs were found in shed).

Vaughn's conviction and sentence are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT