United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-3748

United States of America,

        Appellee,

v.

Richard Charles Berry,

        Appellant.

\*
\*
\*
\* Appeal from the United States
\* District Court for the
\* Eastern District of Arkansas.
\*
\*     [PUBLISHED]
\*

_____

Submitted: March 6, 1998
Filed:  March 11, 1998

_____

Before BOWMAN, WOLLMAN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Richard Charles Berry appeals the 37-month sentence imposed by the District Court[1] after he pleaded guilty to possessing with intent to distribute 44 kilograms of marijuana, in violation of 21 U.S.C. § 841 (1994). For reversal, Berry argues that the District Court erred in enhancing his base offense level for possessing firearms during a drug offense because the firearms were found in a bedroom of his residence and the

_____

[1]The Honorable William R. Wilson, Jr., United States District Judge for the Eastern District of Arkansas.

marijuana was found in his truck parked outside of the residence. We disagree, and affirm.

A sentencing court must add two levels to a defendant's base offense level if a dangerous weapon, including a firearm, was possessed during a drug offense; the enhancement is appropriate where a firearm is present "unless it is clearly improbable that the weapon was connected with the offense." U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) & cmt. 3 (1997). Berry admitted that he possessed two firearms; that the two firearms were loaded; that cash and scales used for weighing marijuana were found in the bedroom with the firearms; and that he placed the 44 kilograms of marijuana in his truck and parked the vehicle at his home, intending to deliver the marijuana at a later date. Based on those facts, we conclude the District Court did not clearly err in assessing the enhancement. See United States v. Vaughn, 111 F.3d 610, 616 (8th Cir. 1997) (standard of review); United States v. Betz, 82 F.3d 205, 210-11 (8th Cir. 1996) (holding that application of § 2D1.1(b)(1) enhancement was not clear error where firearms and drugs were found in different places on defendant's property); United States v. Hiveley, 61 F.3d 1358, 1362-63 (8th Cir. 1995) (per curiam) (holding that application of § 2D1.1(b)(1) enhancement was not clearly erroneous where firearms were found in one trailer on defendant's property and drugs were found in different trailer, despite defendant's argument that there was no evidence he had ever used firearms during drug transaction).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-