**UNITED STATES of America, Plaintiff–Appellant,**

**v.**

**Nickandro Phillip UCCIFERRI, a/k/a Nick Ucciferri, Defendant–Appellee.**

**Nos. 90–3828, 90–3928.**

United States Court of Appeals, Eleventh Circuit.

May 18, 1992.

Daniel N. Brodersen, Karla Spaulding, Linda J. McNamara, Asst. U.S. Attys., Orlando, Fla., for plaintiff-appellant.

Ed Leinster, Orlando, Fla., for Ucciferri.

Before ANDERSON and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

PER CURIAM:

This appeal presents a single issue: May a district court dismiss a federal indictment because the case has been investigated primarily by state authorities and because there may be state constitutional protections available to the defendant in state court that are not available in federal court? We hold that an indictment may not be dismissed for these reasons.

## I. FACTS AND PROCEDURAL HISTORY

In July 1990, a federal grand jury returned a four count indictment against Nickandro Phillip Ucciferri and Christopher William Taylor. Count I of the Indictment charged Ucciferri and Taylor with a 21 U.S.C. § 846 conspiracy to possess with the intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). Counts II and III charged Ucciferri with two different instances of possession with intent to distribute cocaine hydrochloride in violation of 21 U.S.C. § 841(a)(1). Count IV charged Ucciferri with carrying a firearm during, and in relation to, a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Ucciferri pleaded not guilty.

In August 1990, Ucciferri filed a motion to dismiss the Indictment, arguing that the investigation leading to his arrest was entirely state operated. He argued that the case had no federal ties but had been transferred to federal court for the sole purpose of taking advantage of the less stringent federal standards concerning search warrants, wire surveillance, and informants. The transfer of "state" cases to federal court, Ucciferri contended, was becoming more prevalent, making a mockery of state constitutional protections. He called on the district court to exercise its supervisory power over the integrity of the local federal justice system and dismiss the Indictment.

Following oral argument, the district court granted Ucciferri's motion to dismiss the Indictment. The court found that there were possible protections under state law that Ucciferri could not take advantage of in federal court and that the case was a state case that should not be prosecuted in federal court.

Upon the government's motion, the district court reconsidered its order of dismissal and, in part, vacated its previous order. The court reinstated Counts I and II but not Counts III and IV. The government appeals the district court's dismissal of Counts III and IV.[1]

## II. DISCUSSION

■ In our criminal justice system, the general rule is that the decision whether to prosecute lies completely within the discretion of the prosecutor. The Supreme Court recognized this maxim in *Bordenkircher v. Hayes*, 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). Although *Bordenkircher* dealt primarily with the issue of selective prosecutions, the Court stated that "[i]n our system, so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." 434 U.S. at 364, 98 S.Ct. at 668.

■ In this case, Ucciferri alleged that the investigation of this case was entirely state controlled, that it had been undertaken at great expense to the state, and that it had been transferred to federal court for the sole purpose of taking advantage of less stringent federal restrictions on the use of informants, wire taps, and search warrants. He further alleged that the systematic transfer of "state" cases to federal court contravened the constitutional protections available to a defendant un-der the Florida Constitution. The district court agreed with Ucciferri and dismissed Counts III and IV of the Indictment. We hold that this was error.

Although the systematic transfer of what may properly be called "state" cases to federal court is a legitimate source of concern to federal courts, precedent in this circuit suggests that an indictment may not be dismissed based upon concerns of this kind. In *United States v. Mann*, 517 F.2d 259 (5th Cir.1975), *cert. denied*, 423 U.S. 1087, 96 S.Ct. 878, 47 L.Ed.2d 97 (1976),[2] the district court dismissed an indictment that alleged various bank fraud violations. The district court dismissed the indictment on, among other grounds, constitutional and public policy grounds. In reversing the district court, the Fifth Circuit held that it is the prerogative of the executive to initiate criminal proceedings and that courts should not interfere with the executive's discretionary power to control criminal prosecutions. *Id.* at 271. Further the court held that

> [i]t is not for the courts to decide whether a criminal prosecution contravenes some vaguely defined "public policy." Indeed it has been stated that 'public policy favors the unencumbered enforcement of criminal laws....' *United States v. St. Regis Paper Co.*, 2 Cir.1966, 355 F.2d 688, 693. If an indictment sufficiently alleges a violation of the laws of the United States, and the prosecution of that indictment is not precluded on constitutional grounds, *cf. United States v. Laub* [385 U.S. 475, 87 S.Ct. 574, 17 L.Ed.2d 526 (1967)], *supra; Raley v. Ohio* [360 U.S. 423, 79 S.Ct. 1257, 3 L.Ed.2d 1344 (1959)], *supra*, the courts may not dismiss an indictment on grounds of public policy.

*Id.*

Here, there was no allegation by Ucciferri that the indictment did not sufficiently

---

1. Taylor pleaded guilty to state narcotics charges which were filed following the dismissal of the federal conspiracy charge. The remaining federal charges were dismissed by the United States with the approval of the district court. Subsequently, Taylor was dismissed from this appeal.

2. In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (*en banc*), this court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

allege a violation of federal law or that the prosecution of this case violated his rights under the federal constitution or other federal law. The district court stated in the hearing on Ucciferri's motion to dismiss that "[t]his case should not have been brought here. There are possible protections that the defendants may have on the state law that are not available [in federal court]." This statement implies that the district court based its decision to dismiss the case on policy grounds reflecting its conviction that "state" cases should be tried in state court, especially when there are state constitutional protections available to the defendant in state court.

We have been pointed to no authority to support the dismissal of an indictment for the reasons stated by the district court. We hold, therefore, that the district court was without authority to dismiss the indictment for these reasons.

## III. CONCLUSION

We REVERSE the district court's order dismissing the case and REMAND the case to the district court for further proceedings.

REVERSED and REMANDED.