UNITED STATES of America, Appellee,

v.

Jeremiah A. JACOBS, Appellant.

No. 92–3696.

United States Court of Appeals,
Eighth Circuit.

Submitted April 13, 1993.

Decided Sept. 1, 1993.

Bruce W. Simon and Austin F. Shute, Kansas City, MO, argued, for appellant.

Mark A. Miller, Asst. U.S. Atty., Kansas City, MO, argued (Jean Paul Bradshaw II, on the brief), for appellee.

Before WOLLMAN, Circuit Judge, FLOYD R. GIBSON, Senior Circuit Judge, and MORRIS SHEPPARD ARNOLD, Circuit Judge.

PER CURIAM.

Jeremiah Jacobs appeals from his conviction for violating federal narcotics laws. We affirm.

## I.

On February 14, 1992, law enforcement authorities executed a search warrant at Jacobs's home in Morgan County, Missouri. The officers involved in the search included deputies from the Morgan County Sheriff's Office, troopers from the Missouri State Highway Patrol, and one special agent from the federal Drug Enforcement Administration. The search revealed a number of items connected with drug trafficking, especially marijuana production.

Shortly thereafter, the State of Missouri, based upon the items discovered in the search, filed charges against Jacobs in the Circuit Court of Morgan County, Missouri.

Jacobs was subsequently indicted by a federal grand jury on five counts of federal narcotics law violations. Upon return of the federal indictment, the pending state charges against Jacobs were dismissed.

Jacobs moved to dismiss the indictment on the grounds that his case was referred to the United States Attorney's office for federal prosecution for the sole purpose of subjecting him to an enhanced penalty and that such a referral violated his due process and equal protection rights. The district court[1] denied the motion, and Jacobs was convicted by a jury on all counts.

1. The Honorable Scott O. Wright, Senior United States District Judge for the Western District of Missouri.

## II.

Jacobs raises a single issue on appeal: whether the district court erred by denying his motion to dismiss the federal indictment. Jacobs contends that if he had been convicted on the pending state charges alone, he would have been eligible for parole or probation and would not have received any enhancement for possessing a firearm in connection with his drug trafficking activities. Jacobs argues that because of the alleged disparity between the potential sentences on the federal and state levels, the decision to prosecute him in federal court violated his due process and equal protection rights under the Fifth Amendment. Jacobs argues further that the Fifth Amendment requires federal and state authorities to develop a formal procedure to be used to determine which sovereign will charge a particular defendant to prevent these alleged sentencing disparities.

■ We find that Jacobs's arguments border on the frivolous. Prosecutors have broad discretion in making prosecutive decisions. "[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in his discretion." *Bordenkircher v. Hayes,* 434 U.S. 357, 364, 98 S.Ct. 663, 668, 54 L.Ed.2d 604 (1978). In exercising this discretion, the prosecutor may take into account the penalties available upon conviction. *United States v. Batchelder,* 442 U.S. 114, 125, 99 S.Ct. 2198, 2205, 60 L.Ed.2d 755 (1979). The prosecutor may not, of course, base the decision to prosecute upon impermissible factors such as race, religion, or other arbitrary and unjustifiable classifications. *Bordenkircher v. Hayes,* 434 U.S. at 364, 98 S.Ct. at 668–69; *Wayte v. United States,* 470 U.S. 598, 608, 105 S.Ct. 1524, 1531, 84 L.Ed.2d 547 (1985). Likewise, the prosecutor may not file charges out of vindictiveness nor in retaliation for a defendant's exercise of legal rights. *Bordenkircher,* 434

U.S. at 363, 98 S.Ct. at 668; *United States v. Goodwin,* 457 U.S. 368, 381–84, 102 S.Ct. 2485, 2492–94, 73 L.Ed.2d 74 (1982); *United States v. Beede,* 974 F.2d 948, 951–52 (8th Cir.1992), *cert. denied,* —— U.S. ——, 113 S.Ct. 1016, 122 L.Ed.2d 163 (1993).

 "The fact that the federal government prosecutes a federal crime in a federal court that could have been or has been prosecuted as a state crime in a state court does not itself violate due process." *United States v. Turpin,* 920 F.2d 1377, 1388 (8th Cir.1990), *cert. denied,* —— U.S. ——, 111 S.Ct. 1428, 113 L.Ed.2d 480 (1991); *United States v. Beede,* 974 F.2d 948, 952 (quoting *Turpin* ). Choice of forum lies within the realm of prosecutorial discretion. *United States v. Deitz,* 991 F.2d 443, 448 (8th Cir.1993). *See also, e.g., United States v. Andersen,* 940 F.2d 593, 597 (10th Cir.1991); *United States v. Carter,* 953 F.2d 1449, 1462 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 2980, 119 L.Ed.2d 598 (1992); *United States v. Allen,* 954 F.2d 1160, 1166 (6th Cir.1992); *United States v. Parson,* 955 F.2d 858, 873–74 n. 22 (3d Cir.1992); *United States v. Ucciferri,* 960 F.2d 953, 954 (11th Cir.1992) (per curiam); *United States v. Nance,* 962 F.2d 860, 864–65 (9th Cir.1992) (per curiam); *United States v. Dockery,* 965 F.2d 1112, 1115–16 (D.C.Cir. 1992).

Jacobs does not assert that the decision to prosecute him in a federal forum was based upon an improper motive such as race, gender, national origin, religious beliefs, or political affiliation. *See United States v. Nance,* 962 F.2d at 864–65. Likewise, he does not allege that the prosecution was retaliatory or vindictive in nature. Accordingly, there is no merit to his contention that the federal prosecution violated his Fifth Amendment rights.

Jacobs's conviction is affirmed.