UNITED STATES of America, Appellee,

v.

**Alfred Leotis RODGERS, Appellant.**

UNITED STATES of America, Appellee,

v.

**Michael Reed RODGERS, Appellant.**

Nos. 93–2169, 93–2174.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 11, 1993.

Decided March 17, 1994.

---

1. The Honorable Richard H. Battey, United States District Judge for the District of South Dakota.

Counsel who presented argument on behalf of appellant was Johnson D. Ogles, Jacksonville, AR.

Counsel who presented argument on behalf of appellee was Terry L. Derden, Asst. U.S. Atty., Little Rock, AR.

\* The HONORABLE JOHN R. GIBSON was an active judge of this court at the time this case was submitted and took senior status on January 1, 1994, before the opinion was filed.

Before BOWMAN, Circuit Judge, JOHN R. GIBSON,\* Senior Circuit Judge, and HANSEN, Circuit Judge.

HANSEN, Circuit Judge.

Alfred Leotis Rodgers and Michael Reed Rodgers appeal their criminal convictions, contending that the district court[1] erred in denying their motions to dismiss, in which they asserted double jeopardy and prosecutorial vindictiveness. Additionally, Michael contends that the district court erred in denying his motion to sever, and Alfred contends that the district court erred in failing to sustain his objections to the presentence investigation report (PSR). We affirm.

## I. Background

In March of 1992, the government charged Alfred Rodgers, Michael Rodgers, and six others in a multicount indictment alleging a drug distribution conspiracy and individual counts of possession. Count I alleged a conspiracy among the defendants spanning from January 1, 1988, to February 29, 1992, and listed 16 separate overt acts alleged to have been committed in furtherance of the conspiracy. *See* 21 U.S.C. § 846. Count II charged Michael with possession with the intent to distribute cocaine and cocaine base (crack), and count III charged Alfred, among others, with possession with the intent to distribute cocaine and crack. *See* 21 U.S.C. § 841. The remaining counts, IV through XI, recited charges against the other six defendants, but not against Michael and Alfred.

Four of the coconspirators pled guilty before trial, two remained fugitives, and Alfred and Michael proceeded to trial on July 7, 1992. Following trial, the jury returned a verdict finding Michael and Alfred not guilty on the possession charges (counts II and III), but the jury was unable to reach a decision on the conspiracy charge (count I). Consequently, the district court dismissed the counts of possession against Michael and

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

Alfred and declared a mistrial on the conspiracy charge.

The government filed its first superseding indictment on July 21, 1992, naming Michael, Alfred, and the two remaining fugitives as defendants. The superseding indictment recharged the conspiracy count, recharged the possession and gun charges against the fugitives and, for the first time, charged Michael and Alfred with using a firearm during and in relation to a drug trafficking crime. *See* 18 U.S.C. § 924(c). Also for the first time, the indictment charged Michael with aiding and abetting Theresa Bolden Slade to possess with the intent to distribute cocaine. *See* 21 U.S.C. § 841; 18 U.S.C. § 2.

The government filed a second superseding indictment on October 21, 1992, which extended the length of the conspiracy from February 29, 1992, to September 30, 1992, and included seven new charges against Alfred for distributing crack during that period. The second superseding indictment also recharged the aiding and abetting and firearm counts that were new in the first superseding indictment. Alfred and Michael filed a motion to dismiss the indictment, citing double jeopardy and prosecutorial retaliation as grounds for dismissal, and Michael filed a motion to sever his trial from the other defendants. The district court denied both motions, and the case proceeded to a second trial.

Following the second trial, the jury found Michael guilty on all counts against him (conspiracy, aiding and abetting Theresa Slade to possess with intent to distribute, and using a firearm). The court sentenced Michael to 35 years of imprisonment to be followed by a five-year term of supervised release. The jury found Alfred guilty of conspiracy and the seven new counts of distribution, but not guilty of using a firearm in relation to the drug trafficking crime. The court sentenced Alfred to life imprisonment. This appeal followed.

## II. Discussion

### A. Double Jeopardy

Alfred and Michael contend that the district court erred in denying their motions to dismiss based upon double jeopardy. They assert that the conspiracy count litigated in the second trial involved the same conduct and the same evidence used in the first trial, which resulted in an acquittal of the possession with intent charges, and they claim that this violates the Double Jeopardy Clause.

■ We begin with a review of double jeopardy principles. The Double Jeopardy Clause bars a second prosecution of the same offense. *See* U.S. Const. amend. V. The critical issue in determining whether or not two crimes are the "same offense" is whether they consist of the same elements. The "same-elements" test, as enunciated in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), focuses "on the offenses and whether each offense requires proof of a fact that the other does not." *United States v. Cerone*, 830 F.2d 938, 944 (8th Cir.1987), *cert. denied*, 486 U.S. 1006, 108 S.Ct. 1730, 100 L.Ed.2d 194 (1988). In *Grady v. Corbin*, 495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990), *overruled by United States v. Dixon*, —— U.S. ——, ——, 113 S.Ct. 2849, 2864, 125 L.Ed.2d 556 (1993), the Supreme Court announced a "same-conduct" test to be applied in addition to the "same-elements" test. The "same-conduct" test provided that if "the government, to establish an essential element of an offense charged in [a second] prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted," then the second prosecution is barred. *Grady*, 495 U.S. at 521, 110 S.Ct. at 2093. But in *Dixon*, the Court expressly overruled *Grady*'s same-conduct test, calling it "a mistake." —— U.S. at ——, 113 S.Ct. at 2864. As demonstrated in *Dixon*, the Supreme Court now has returned to the same-elements test as the sole standard by which to determine whether there has been a double jeopardy violation. *Id.* at —————, 113 S.Ct. at 2859–64.

■ Applying the same-elements test here, we must compare the elements of a conspiracy to possess with intent to distribute or to distribute cocaine and crack with the elements of possession with intent to distribute. To prove a conspiracy under 21 U.S.C. § 846, the government must establish

that an agreement to engage in distributing drugs existed between two or more people, including the defendant. *United States v. Frayer,* 9 F.3d 1367, 1373 n. 3 (8th Cir.1993); *United States v. Aranda,* 963 F.2d 211, 214 n. 3 (8th Cir.1992). The government does not need to prove an overt act in furtherance of the conspiracy to prove a conspiracy under section 846. *United States v. Horne,* 4 F.3d 579, 589 (8th Cir.1993), *cert. denied,* — U.S. —, 114 S.Ct. 1121, 127 L.Ed.2d 430 (1994); *United States v. Abdullah,* 947 F.2d 306, 310 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 1969, 118 L.Ed.2d 569 (1992). To prove possession with intent to distribute, the government must demonstrate that the defendant knowingly possessed and intended to distribute an illegal drug. *Frayer,* 9 F.3d at 1373 n. 3; *United States v. Cortez,* 935 F.2d 135, 143 (8th Cir.1991), *cert. denied,* — U.S. —, 112 S.Ct. 945, 117 L.Ed.2d 114 (1992). No agreement with another need be shown. Because the conspiracy charge contains an element (the agreement) which the possession with intent to distribute charge does not require, each of these offenses consists of different elements, and therefore, double jeopardy does not prevent a conspiracy prosecution after a prosecution for possession with intent to distribute. *Frayer,* 9 F.3d at 1373. Clearly there was no double jeopardy bar preventing the government from reprosecuting the conspiracy charge in this case.

■ The double jeopardy clause has a collateral estoppel effect that may bar a later prosecution for a separate offense where the government has lost an earlier prosecution involving the same facts. *Dixon,* — U.S. at —, 113 S.Ct. at 2860. But contrary to Michael and Alfred's contention, the collateral estoppel effect of their acquittal on the prior possession with intent charges does not bar prosecution of the conspiracy charge. The collateral estoppel effect only prevented the government from relitigating the fact of possession on the dates alleged in the original indictment. The government did not attempt to relitigate that fact, and it was not necessary to do so in order to prove the conspiracy charge.

■ Finally, the defendants complain that the government used the same evidence against them at both trials. There is no "same-evidence" test to prohibit the government from using the same evidence to prove two different offenses. Even *Grady's* same-conduct test (now overruled) did not amount to a same-evidence test. 495 U.S. at 521, 110 S.Ct. at 2093. Therefore, we find that the district court did not err in refusing to dismiss the second superseding indictment on the ground of double jeopardy. We are bound by *Dixon* to follow the "same-elements" test, and to the extent our prior cases rely on *Grady's* "same-conduct" test, they are no longer authoritative because of the Supreme Court's later overruling of *Grady.*

## B. Vindictive Prosecution

Alfred and Michael also sought dismissal of the second superseding indictment based upon prosecutorial vindictiveness demonstrated, they contend, by the government's decision to add new charges (the gun charges and aiding and abetting Theresa Slade) upon reindictment following the first trial. The district court found no vindictiveness and denied the motion to dismiss.

■ A prosecutor's discretion to charge is very broad but cannot be based upon vindictiveness or exercised in retaliation for a defendant's exercise of a legal right. *See United States v. Jacobs,* 4 F.3d 603, 604 (8th Cir.1993); *United States v. Punelli,* 892 F.2d 1364, 1371 (8th Cir.1990). A defendant may demonstrate prosecutorial vindictiveness by proving through objective evidence that the prosecutor's decision was intended to punish the defendant for the exercise of a legal right. *United States v. Beede,* 974 F.2d 948, 951 (8th Cir.1992) (citing *United States v. Goodwin,* 457 U.S. 368, 384 n. 19, 102 S.Ct. 2485, 2494 n. 19, 73 L.Ed.2d 74 (1982)), *cert. denied,* — U.S. —, 113 S.Ct. 1016, 122 L.Ed.2d 163 (1993). We find no objective evidence of a vindictive motive on the part of the government in this case.

The defendants would have us presume vindictiveness from the circumstances. "[A] defendant may in certain circumstances rely on a presumption of vindictiveness." *Id.*

The court will presume an improper vindictive motive "only in cases in which a reasonable likelihood of vindictiveness exists." *Goodwin,* 457 U.S. at 373, 102 S.Ct. at 2488; *see also Blackledge v. Perry,* 417 U.S. 21, 27, 94 S.Ct. 2098, 2102, 40 L.Ed.2d 628 (1974). We have said that "[c]ourts will not find prosecutorial vindictiveness when the reindictment was not a reaction to the defendant's assertion of some right." *Punelli,* 892 F.2d at 1372 (citing *United States v. Khan,* 787 F.2d 28, 32–33 (2d Cir.1986)). "Furthermore, there can be no prosecutorial vindictiveness if the prosecutor revised the charge because of newly discovered evidence," *id.,* or if some event or combination of events " 'indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire' " to punish for the exercise of a right, *id.* at 1371 (quoting *United States v. Krezdorn,* 718 F.2d 1360, 1365 (5th Cir.1983) (en banc), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984)).

We conclude that the additional charges in this case were not a reaction to the defendants' exercise of a legal right. The exercise of one's choice to proceed with a jury trial rather than a bench trial "does not compel a special presumption of prosecutorial vindictiveness whenever additional charges are brought after a jury is demanded." *Goodwin,* 457 U.S. at 383, 102 S.Ct. at 2493. The additional charges here were brought by reindictment following a mistrial on the conspiracy charge, and not because the defendants elected to proceed initially by jury trial. "Courts have consistently held that no realistic likelihood of vindictiveness is found when a jury is deadlocked and both parties agree that a declaration of mistrial is a necessity." [2] *United States v. Whaley,* 830 F.2d 1469, 1478–79 (7th Cir.1987), *cert. denied,* 486 U.S. 1009, 108 S.Ct. 1738, 100 L.Ed.2d 202 (1988); *see also Khan,* 787 F.2d at 32–33. The court declared a mistrial sua

sponte due to the jury's inability to come to a decision on the conspiracy count. (Tr. Vol. III at 742–43, July 7–10, 1992.) Thus, the mistrial on the conspiracy count did not require the exercise of a right but was the product of the jury's inability to reach an agreement as to a verdict on the conspiracy count. We see no reasonable likelihood that vindictiveness would arise out of this situation.

■■■ Furthermore, the defendants' acquittals on the possession with intent to distribute charges in the first trial did not involve the exercise of a right by the defendants which would raise a presumption of vindictiveness. *See United States v. Esposito,* 968 F.2d 300 (3d Cir.1992). In *Esposito,* the government indicted a defendant on substantive drug offenses after the defendant had been acquitted in an earlier RICO trial where the same drug transactions had been listed as predicate acts. *Id.* at 301–02. The defendant claimed that this constituted a vindictive prosecution, asserting that the government punished him for exercising his right to trial and thereby deterred his right to plead not guilty. *Id.* at 303. The court disagreed. Providing a very thorough analysis, the Third Circuit concluded that there is no presumption of vindictiveness when the government chooses to indict a defendant on individual acts that arose out of the same nucleus of facts which resulted in an earlier acquittal. *Id.* at 303–07. The government "did not react because Esposito invoked or exercised a constitutional right; he was simply acquitted by a jury." *Id.* at 305. The court found that the earlier acquittal is a legitimate prosecutorial consideration, because the government is not punishing the defendant for exercising a right but rather for the crimes he committed. *See id.* at 304. We agree with the Third Circuit's analysis in *Esposito* and adopt its reasoning as our own. Accordingly, Alfred and Michael's acquittals

---

**2.** Some courts apply a presumption of vindictiveness when the government files "more severe charges after the defendant himself successfully moved for a mistrial over the government's objection." *Whaley* 830 F.2d at 1479 n. 9 (citing *United States v. Motley,* 655 F.2d 186, 189 (9th Cir.1981) (defendant faced potentially longer prison term as result of successfully moving for mistrial)). We need not determine whether this scenario would invoke a presumption of vindictiveness, because in this case the mistrial was not granted on motion of the defendant or over objection of the government.

of the possession with intent to distribute charges in the first indictment did not involve the exercise of a right that would give rise to a presumption of vindictive motive on the part of the government.

"[E]ven if a presumption of vindictiveness applies, the government may rebut it by proffering legitimate, objective reasons for its conduct." *Esposito*, 968 F.2d at 305. We conclude that the additional charges in this case arose out of a combination of events that do not indicate that the government's decision to add charges was motivated by a vindictive desire to punish the defendant for exercising some right. As noted, the mistrial and additional charges were not the result of the exercise of a right by the defendants. As to the gun count, the government contends that although the evidence necessary to charge the gun count was available and within the knowledge of the law enforcement officers, the prosecutors were not actually aware that the gun was found loaded and in the house until it was too late to seek a superseding indictment prior to the first trial. While this might indicate some lack of preparation on the part of the prosecution, it does not indicate a reasonable likelihood of a vindictive motive.

The government also contends that the evidence supporting the aiding and abetting count was largely discovered and corroborated shortly before the first trial or immediately thereafter. The government was aware of Theresa Slade well before the first trial, but the government did not obtain corroborating documentation to support her testimony until shortly before or after the first trial. Before obtaining the documentary evidence, the government's only proof of the aiding and abetting charge was the testimony of Theresa Slade, a convicted felon. The ongoing investigation turned up evidence that made the charge easier to prove. We note that this was a complex conspiracy case. Coconspirators were pleading guilty during the last week before the first trial, and their cooperation helped the prosecutors to fit together the pieces of the case only shortly before the first trial. When the evidence came together, there was not enough time to seek a superseding indictment before the first trial.

As in *Punelli*, the mistrial gave the government an opportunity "to seek a superseding indictment to conform the charges to the evidence it had recently discovered and used at trial." 892 F.2d at 1372.

In sum, we find no evidence of a vindictive motive on the part of the government and no circumstances that indicate a reasonable likelihood of vindictiveness in this case. We therefore affirm the district court's refusal to dismiss the second superseding indictment on the ground of prosecutorial vindictiveness.

## C. Motion to Sever

■ Before trial on the superseding indictment, Michael filed a motion to sever his trial from Alfred's trial, contending he would be prejudiced by the seven new counts of distribution charged against Alfred. The district court denied the motion and tried Michael and Alfred jointly. We find no prejudice and no abuse of discretion.

Rule 8(b) of the Federal Rules of Criminal Procedure provides as follows:

Two or more defendants may be charged in the same indictment or information if they are alleged to have participated in the same act or transaction or in the same series of acts or transactions constituting an offense or offenses. Such defendants may be charged in one or more counts together or separately and all of the defendants need not be charged in each count.

Rule 14 provides that the district court may order separate trials of counts or grant a severance "[i]f it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment ...."

The general rule is that persons charged in a conspiracy should be tried together, particularly where proof of the charges against the defendants is based upon the same evidence and acts. Severance will be allowed upon a showing of real prejudice to an individual defendant. The motion to sever is addressed to the sound discretion of the district court, and a denial of severance is not grounds for reversal unless clear prejudice and an abuse of discretion are shown.

*United States v. Miller*, 725 F.2d 462, 467 (8th Cir.1984) (internal citations omitted).

Severance is "necessary 'where the proof is such that a jury could not be expected to compartmentalize the evidence as it relates to separate defendants.'" *Id.* at 468 (quoting *United States v. Jackson,* 549 F.2d 517, 525 (8th Cir.), *cert. denied,* 430 U.S. 985, 97 S.Ct. 1682, 52 L.Ed.2d 379 (1977)).

The seven distribution counts against Alfred resulted from undercover purchases of cocaine made after the first trial. The government expanded the length of the conspiracy in the second superseding indictment to cover the time period when these charges occurred, and the jury could find that these acts were committed in furtherance of the conspiracy. The trial court instructed the jury about the limited admissibility of the coconspirators' statements and to consider each count and the evidence against each defendant separately. (Tr. Vol. III at 674, Jan. 21, 22, 25, 1993.) Although Michael alleges prejudice, we find that the evidence was such that the jury could be expected to compartmentalize the evidence against each defendant. The district court did not abuse its discretion in denying the motion to sever.

### D. Pro Se Objections to Presentence Investigation Report

Alfred submitted a list of pro se objections to the PSR that the district court considered and overruled at the time of sentencing. (Sent. Tr. at 2.) Specifically, Alfred objected to the amount of drugs attributed to him in calculating his guideline sentencing range, the sentencing enhancements for his role as a leader or organizer, and the increase for obstruction of justice; and he requested a reduction for acceptance of responsibility. We have fully considered these objections and find them to be without merit. The record supports the sentencing factors considered by the district court, and we find no abuse of discretion.

### III. Conclusion

We find no error in the district court's rulings. Accordingly, we affirm the judgment of the district court in all respects.