# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1239

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Northern District of Iowa |
| Robert Lee Kriens, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: September 11, 2001

Filed: November 5, 2001

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Robert Kriens appeals the judgment and sentence of the district court[1] following his plea of guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Kriens to 180 months imprisonment. Kriens argues the district court erred by (1) denying his motion to dismiss based upon violations of his Fifth and Sixth Amendment rights, (2) denying his motion to suppress based upon Miranda v. Arizona, 384 U.S. 436 (1966), (3)

_____

[1]The Honorable Mark W. Bennett, Chief Judge, United States District Court for the Northern District of Iowa.

refusing to allow him the opportunity to make an offer of proof and to question federal prosecutors, and (4) finding his conviction for second-degree attempted burglary was a violent felony. We affirm the judgment and sentence.

I

On February 23, 1998 a deputy sheriff went to Kriens' house to talk to him about his son. While in the home the deputy saw three firearms in plain view. The deputy checked Kriens' criminal background and discovered he was a convicted felon. On February 28, 1998 officers obtained a search warrant for Kriens' home and recovered four firearms. Kriens was arrested at 3:00 p.m. that afternoon as officers searched his home. Officers immediately advised Kriens of his rights under <u>Miranda</u>, and he signed a waiver-of-rights form dated 2/28/98 at 1500 hours. After signing the form, Kriens was transported approximately ten miles to the Hampton Police Department where, in a videotaped interview, he admitted owning one of the firearms.

Following Kriens' arrest, County Attorney Brent Symens charged Kriens in state court with being a felon in possession of a firearm. Symens had been elected Franklin County Attorney in November 1994 and took office January 1, 1995. While in private practice Symens represented Kriens in connection with two felony drug offenses that occurred in 1993. After charging Kriens, Symens met with him and his attorney and offered a plea agreement. He advised Kriens and his attorney that if the offer was rejected he would refer the matter to federal authorities for prosecution. Kriens rejected the offer of five years in state prison, and Symens referred the case to the United States Attorney.

Federal authorities contacted Kriens' attorney asking if Kriens would cooperate by providing information about drug dealing in the Mason City, Iowa area. Kriens did not respond to the offer and federal authorities indicted him on one count of being

a felon in possession of a firearm. Kriens filed a motion to dismiss the indictment alleging a violation of his Fifth Amendment rights arising out of Symen's referral of the prosecution to federal authorities. Kriens also alleged a violation of his Sixth Amendment rights arising out of Symen's prior representation of him. In addition, Kriens moved to suppress his incriminating statements arguing they were obtained in violation of Miranda.

At the evidentiary hearing on Kriens' motion to dismiss the indictment, Symens testified that he provided no confidential attorney-client information to federal prosecutors. Affidavits were presented from the Assistant United States Attorneys involved in the prosecution denying that any confidential information had been provided by Symens. The magistrate judge found that Kriens' allegations had no basis in fact. The magistrate judge determined that, even assuming Symens had told federal authorities Kriens had information about drug dealings in Mason City, the information was unrelated to the federal prosecution and the proper remedy would be exclusion of the information, not dismissal of the indictment. The district court, after reviewing the magistrate judge's report and recommendations de novo, agreed and denied Kriens' motion for dismissal.

In support of his motion to suppress the incriminating statements, Kriens contended that police dispatch logs showed police arrived at his residence with the warrant at 1317 hours, transported him to the police station at 1440 hours, and began the videotaped interview at 1504 hours. Kriens argued that the dispatch logs prove he could not have been given his Miranda warnings while at his home, because the waiver form was signed only four minutes before the interview began at the police department. Instead, Kriens contended he was given his Miranda warnings and signed the waiver at the police department *after* making the incriminating statements.

At an evidentiary hearing held on Kriens' motion to suppress the incriminating statements, Captain Fred Meeder, Chief Deputy of the Wright County Sheriff's

Department, testified that he placed Kriens under arrest in Kriens' living room and read him the <u>Miranda</u> warnings. Meeder then watched Kriens sign the <u>Miranda</u> waiver. Lyon Anderson, Chief of Police for the City of Dows, testified he heard Meeder give the <u>Miranda</u> warnings to Kriens and saw him sign the form while at Kriens' home. Following the evidentiary hearing, the district court denied Kriens' motion to suppress.

Kriens subsequently entered into a plea agreement and pleaded guilty. At sentencing, he was allowed to modify his guilty plea to reserve the right to appeal the denial of his motions to dismiss and to suppress. Kriens also reserved the right to appeal the district court's determination that Kriens' prior conviction for attempted second-degree burglary constituted a violent felony under 18 U.S.C. § 924(e)(2)(B).

II

Kriens first argues that the federal prosecution was initiated in violation of the Fifth and Sixth Amendments. He claims that Symens used information obtained during his earlier representation of Kriens to file the state charge. Symens then threatened to transfer the prosecution to the federal government in an attempt to coerce a guilty plea. When Kriens refused to plead guilty, Symens transferred the prosecution to federal authorities to punish him, and then aided their prosecution by disclosing confidential attorney-client information. Kriens claims Symens told federal authorities that he had information about drug-related activities in the Mason City area, and that federal prosecutors used the information unfairly during plea negotiations. Finally, Kriens argues that because Symens had represented him previously on unrelated drug charges, the state prosecution was improper from its inception, and by accepting transfer of the prosecution federal authorities joined in the original wrongdoing.

We review de novo a district court's order denying a motion to dismiss the indictment. United States v. Hill, 210 F.3d 881, 883 (8th Cir. 2000). Absent an actual or substantial threat of prejudice dismissal is inappropriate for Fifth or Sixth Amendment violations. United States v. Morrison, 449 U.S. 361, 364-66 (1981). Prosecutors have broad discretion when making charging decisions. United States v. Beede, 974 F.2d 948, 952 (8th Cir. 1992). The decision by a state prosecutor to proceed with charges against a defendant does not preclude a later decision by a federal prosecutor to prosecute in federal court. Id. Similarly, if a defendant can be prosecuted in either state or federal court, the deferral of a prosecution to the federal system after a defendant elects to proceed to trial in state court is permissible. Id. "The fact that the federal government prosecutes a federal crime in a federal court that could or has been prosecuted as a state crime in state court does not itself violate due process." United States v. Turpin, 920 F.2d 1377, 1388 (8th Cir. 1990).

Prosecutors may not, however, base a decision to prosecute on "impermissible factors such as race, religion, or other arbitrary and unjustifiable classifications." United States v. Jacobs, 4 F.3d 603, 605 (8th Cir. 1993) (per curiam). Similarly, a prosecutor may not pursue a prosecution out of vindictiveness or in response to a defendant's exercise of a legal right. Beede, 974 F.2d at 951. The burden is on the defendant to prove through objective evidence that the decision to prosecute or transfer prosecution was borne of a desire to punish him for the exercise of a legal right. Id. (citing United States v. Goody, 457 U.S. 368, 384 n.19 (1982)).

Kriens has failed to produce any objective evidence that the prosecution was based upon impermissible factors, or that it was intended to punish him for exercising a legal right. Although a defendant may, in rare instances, rely upon a presumption of vindictiveness, see Beede, 974 F.2d at 951, Kriens does not benefit from such a presumption in this case simply because the federal government prosecuted him after he refused to plead guilty in state court, see id. at 952. Accordingly, Kriens' claim that the prosecution violated the Fifth Amendment fails.

Similarly, Kriens has failed to demonstrate that the prosecution violated the Sixth Amendment. It would be improper to prosecute a defendant on the basis of facts wholly or partially acquired by the prosecutor from the accused's private attorney. Cf. Gajewski v. United States, 321 F.2d 261, 267 (8th Cir. 1963) (holding that it would be improper for a United States district attorney to prosecute a defendant using information the prosecutor had obtained while acting as the accused's private attorney). The burden, however, is on the defendant to show that the representation or the proceedings leading to his conviction were adversely affected by virtue of a Sixth Amendment violation in order to obtain a dismissal of the indictment. United States v. Solomon, 679 F.2d 1246, 1250 (8th Cir. 1982).

Kriens has failed to make such a showing. Kriens argues that federal authorities obtained information about his knowledge of drug-related activities in Mason City from Symens. The district court specifically rejected that claim, finding there were any number of ways federal prosecutors could have obtained the information. That finding is not clearly erroneous. Further, any such information was irrelevant to the prosecution. It was unnecessary for federal authorities to prove Kriens was knowledgeable about drug activities in Mason City to succeed in the firearms prosecution. Thus, even assuming Symens disclosed confidential communications, the proper remedy would be suppression of the information. Cf. Solomon, 679 F.2d 1251-52 (holding that when government agents obtained information by means of a constitutional intrusion the proper remedy, absent a showing of prejudice, is exclusion of the information not dismissal of the indictment). Accordingly, Kriens' claim that the prosecution violated the Sixth Amendment fails.

Kriens next argues the federal prosecution violated the government's Petite policy, by which the United States Department of Justice refrains from prosecuting persons in federal court if their crimes were part of a previous state prosecution, unless specifically authorized in advance. See Petite v. United States, 361 U.S. 529, 531 (1960); Thompson v. United States, 444 U.S. 248 (1980) (per curiam) (under the

-6-

policy a United States attorney may not prosecute a person in federal court if the alleged criminality was an ingredient of a previous state prosecution against that person unless the federal prosecution is specifically authorized in advance by the Department of Justice itself upon a finding that the prosecution will serve compelling interests of federal law enforcement). The Petite policy does not transfer any substantive rights to an accused and cannot form the basis for a claim that the prosecution was improper, United States v. Basile, 109 F.3d 1304, 1308 (8th Cir. 1997), thus, Kriens' argument is rejected.

Kriens next argues that the district court erred when it refused to suppress the incriminating statements he made during the videotaped interview. Kriens contends the statements were made before he was given his Miranda warnings and should have been suppressed. Miranda provides that law enforcement officers must inform a suspect in their custody of his right not to incriminate himself and his right to an attorney. 384 U.S. at 444. Failure to do so renders a suspect's statements inadmissible. Id. We review the factual findings supporting the district court's denial of a motion to suppress evidence for clear error and the legal conclusions based upon those facts de novo. See United States v. Beatty, 170 F.3d 811, 813 (8th Cir. 1999). The district court found that despite inconsistencies in the police dispatch log, there existed sufficient evidence to establish Kriens was provided his Miranda warnings prior to his interrogation and prior to making the incriminating statements. Our review of the record supports that finding. We therefore reject Kriens' claim that the district court erred by not suppressing his incriminating statements.

Kriens next contends he was improperly refused the opportunity at the evidentiary hearing to make an offer of proof and to question federal prosecutors. Kriens argues that the offer of proof and questioning of the prosecutors was necessary to determine what if any confidential information was disclosed by Symens. We review a district court's decision to exclude evidence for an abuse of discretion. See Excel Corp. v. Bosley, 165 F.3d 635, 640 (8th Cir. 1999). The district court

considered and rejected Kriens' claim that Symens disclosed privileged information. The district court also concluded that, even assuming the truth of Kriens' allegations, any such information was unrelated to the present prosecution. Consequently, we find no abuse of discretion.

Finally, Kriens claims the district court erred when it found that his prior conviction in Iowa for second-degree attempted burglary was a crime of violence. Kriens argues the conviction should not have been used to enhance his sentence under 18 U.S.C. § 924(e)(2)(B). The district court's determination that a prior offense constitutes a crime of violence is reviewed de novo. United States v. Sumlin, 147 F.3d 763, 765 (8th Cir. 1998).

On March 25, 1985 Kriens was convicted of attempted burglary in the second degree. In his plea agreement in the present case Kriens stipulated that he had been convicted of attempted burglary in the second degree in connection with his attempt to break into a commercial building. Under § 924(e) a defendant convicted of being a felon in possession of a firearm faces a minimum term of fifteen years imprisonment if he has three prior convictions for serious drug offenses or violent felonies. "Burglary" is included in the definition of "violent felony." See 18 U.S.C. § 924(e)(2)(B)(ii). For purposes of § 924(e), the Supreme Court has defined "burglary" generically as "any crime . . . having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." Taylor v. United States, 495 U.S. 575, 599 (1990). We have previously held that commercial burglary constitutes a crime of violence. United States v. Stevens, 149 F.3d 747, 749 (8th Cir. 1998). The burglary of a commercial building poses a potential for violence so substantial as to be a crime of violence. United States v. Hascall, 76 F.3d 902, 905 (8th Cir. 1996). We have also held that attempted burglary can be a crime of violence. United States v. Solomon, 998 F.2d 587, 589 (8th Cir. 1993).

Kriens nonetheless argues that the then-existing Iowa burglary statute contained language not included in the generic burglary definition relied upon by the Supreme Court in Taylor. For example, "occupied structure" included railroad cars, automobiles, and water crafts. Iowa Code § 702.12 (1984). Further, a defendant could commit an attempted burglary without engaging in conduct that presented a serious potential risk of physical injury to another. Id. Kriens argues that because the state burglary statute covered a broader scope of conduct than our generic definition of burglary, the district court should have looked to the charging paper to determine if his offense conduct fell within the generic definition. He contends the government did not present the charging paper, and therefore the proof was insufficient. In support of his argument he cites United States v. Payton, 918 F.2d 54, 55 (8th Cir. 1990). In Payton the district court looked to a police report to determine if a burglary conviction could be used to enhance the sentence. On appeal, we held that a police report, or similar outside evidence, is not sufficiently reliable and cannot be used in place of the charging papers. Id. We did not hold that a criminal defendant's admission that he committed the crime of attempted burglary of a commercial building was insufficient to support a determination that the defendant had a qualifying burglary conviction. Once the government presented evidence that Kriens had been convicted of a crime of violence, the burden shifted to him to prove, by a preponderance of the evidence, that the attempted second-degree burglary conviction was not a crime of violence, i.e., it did not meet the criteria outlined in our generic definition. United States v. Redding, 16 F.3d 298, 302 (8th Cir. 1994). It is not enough that under Iowa law a defendant *could* have been convicted under a burglary statute for conduct falling outside of our generic definition of burglary. Kriens was obliged to show that he *was* convicted of conduct falling outside the definition. He has failed to do so, and we therefore affirm the district court's finding.

III

The judgment and sentence of the district court is affirmed.

-9-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.