**UNITED STATES of America,**
**Plaintiff,**

v.

**James Joseph SHERIDAN, Defendant.**

**No. 06–CR–0115–LRR.**

United States District Court,
N.D. Iowa,
Cedar Rapids Division.

Nov. 16, 2006.

Renee V. Sneitzer, White & Johnson, Cedar Rapids, IA, for Defendant.

## ORDER

Peter E. Deegan, Jr., U.S. Attorney's Office, Cedar Rapids, IA, for Plaintiff.

READE, District Judge.

### TABLE OF CONTENTS

I. INTRODUCTION ..............................................848

II. RELEVANT PROCEDURAL HISTORY ..................................848

III. ANALYSIS ........................................................849
 A. Vindictive Prosecution ........................................849
 1. The parties' arguments .........................................849
 2. Legal analysis ...............................................849
 a. Objective evidence .......................................850
 b. Presumption of vindictiveness ...............................850
 B. Pre–Indictment Delay ........................................852
 1. The parties' arguments .........................................852
 2. Legal analysis ...............................................852

IV. CONCLUSION ..................................................853

### I. INTRODUCTION

The matters before the court are Defendant James Joseph Sheridan's Motion to Dismiss (docket no. 13) and his "Supplement/Addendum to Motion to Dismiss" (docket no. 19).

### II. RELEVANT PROCEDURAL HISTORY

On September 17, 2003, Defendant was charged in the Northern District of Iowa in a one-count Indictment ("Prior Indictment") with possessing a firearm after being subject to a protective order, in violation of 18 U.S.C. § 922(g)(8). *See United States v. James Joseph Sheridan,* No. 03–CR–98–ERW (N.D.Iowa Sept. 17, 2003). Specifically, Defendant was charged with possessing a Raven Arms, model P–25, .25 caliber automatic pistol, serial number 558367 ("Raven Arms pistol") between about May of 2003 and June 30, 2003. On December 11, 2003, Defendant appeared before the Honorable United States District Court Judge E. Richard Webber [1] for a jury trial. The government was represented by Assistant United States Attorney Peter E. Deegan, Jr. Defendant was represented by Attorney Renee V. Sneitzer. On December 11, 2003, at 4:30 p.m., the case was submitted to the jury. On the same date, at 4:40 p.m., the jury returned their verdict and acquitted Defendant.

On September 8, 2006, Defendant was charged in a one-count Indictment with knowingly possessing a stolen firearm, in violation of 18 U.S.C. § 922(j). The allegation is that the stolen firearm is the same Raven Arms Pistol that was the subject of the Prior Indictment. The Indictment charges that Defendant possessed the

---

**1.** The Honorable Judge Webber presides in the Eastern District of Missouri and sat by designation in Defendant's case.

Raven Arms Pistol "on or before about June 30, 2003."

On November 1, 2006, Defendant filed the instant Motion to Dismiss. On November 9, 2006, the government filed a "Response to Defendant's Motion to Dismiss" ("Resistance"). On November 15, 2006, Defendant filed a "Supplement/Addendum to Motion to Dismiss." The court shall hereinafter collectively refer to the Motion to Dismiss and the Supplement/Addendum to Motion to Dismiss as the "Motion." The court finds the matter fully submitted and ready for decision.[2]

### III. ANALYSIS

In his Motion, Defendant alleges that the Indictment should be dismissed for two reasons: (1) vindictive prosecution and (2) pre-indictment delay.[3] The court will address Defendant's two grounds for dismissal, in turn.

#### A. Vindictive Prosecution

Defendant's first claim is that the government violated his Fifth Amendment right to due process by vindictive prosecution.

#### 1. The parties' arguments

Defendant argues that the instant charge is "presumptively vindictive" because the Prior Indictment and the instant Indictment involve the same facts and because the same prosecutor, AUSA Deegan, has been the prosecutor throughout all relevant proceedings. He claims that his due process rights have been violated by the government's actions. Defendant argues that the government "reconvened the Grand Jury less than a month after his jury trial … solely in response to his acquittal."

The government responds that prosecutorial discretion is broad, and it was not abused in this case. The government argues that Defendant has not met his burden of showing that this prosecution is designed solely to punish him for exercising a valid legal right. The government corrects Defendant's assertion that AUSA Deegan was personally involved in each step of the instant prosecution and states that AUSA Sean Berry presented Defendant's case to the grand jury in January of 2004. The government argues that a prosecution that follows an acquittal at trial is not enough to establish vindictiveness. It argues that Defendant has not otherwise presented evidence of vindictiveness.

#### 2. Legal analysis

"Although the government may take action to punish a defendant for committing a crime, punishing a defendant for exercising his valid legal rights is impermissible prosecutorial vindictiveness." *United States v. Campbell,* 410 F.3d 456, 461 (8th Cir.2005) (citing *United States v. Goodwin,* 457 U.S. 368, 372, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982)); *see United States v. Jacobs,* 4 F.3d 603, 604 (8th Cir.1993) ("[T]he prosecutor may not file charges out of vindictiveness nor in retaliation for a defendant's exercise of legal rights."). It

---

2. In its discretion, the court decided not to hold a hearing on the Motion. *See United States v. Kelley,* 152 F.3d 881, 885 (8th Cir. 1998) ("Whether to hold an evidentiary hearing and whether to grant a pre-trial motion to dismiss an indictment are matters within the trial court's discretion.").

3. In his Motion, Defendant relies upon cases from the Tenth Circuit Court of Appeals and

argues that he was the subject of an unconstitutional "pre-accusatory delay." The Eighth Circuit Court of Appeals refers to this Fifth Amendment due process claim as a claim of "pre-indictment delay," *see generally United States v. Jackson,* 446 F.3d 847 (8th Cir.2006). Therefore, the court deems it appropriate to use the "pre-indictment delay" terminology.

is Defendant's burden to prove prosecutorial vindictiveness in one of two ways:

A defendant can establish prosecutorial vindictiveness through objective evidence that the prosecutor's decision to seek a more severe sentence was intended to punish the defendant for the exercise of a legal right. *United States v. Rodgers*, 18 F.3d 1425, 1429 (8th Cir. 1994). Alternatively, the defendant is entitled to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness, which may arise when prosecutors increase the number or severity of charges. *Id.* at 1429–30 (quoting *Goodwin*, 457 U.S. at 373, 102 S.Ct. 2485); *United States v. Punelli*, 892 F.2d 1364, 1371 (8th Cir. 1990).

*Campbell*, 410 F.3d at 461; *see United States v. Graham*, 323 F.3d 603, 607 (8th Cir.2003) (explaining the "two ways" by which a defendant "may demonstrate prosecutorial vindictiveness"); *see also United States v. Hirsch*, 360 F.3d 860, 864 (8th Cir.2004) (noting that the defendant had the "burden of establishing vindictiveness, in the sense of bad faith or maliciousness"). The Eighth Circuit Court of Appeals has warned that this burden is "a heavy one" because prosecutors have "broad discretion" to enforce criminal statutes. *Campbell*, 410 F.3d at 461; *see Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978) ("[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file ... generally rests entirely in [the prosecutor's] discretion."). "A mere allegation the government was prosecuting defendant because it was upset over losing a trial is not enough to establish vindictiveness." *Hirsch*, 360 F.3d at 864.

### a. Objective evidence

The first way Defendant can establish prosecutorial vindictiveness is through objective evidence. Defendant admits that he has produced no evidence of actual vindictiveness. *See Campbell*, 410 F.3d at 462 ("An example of objective evidence of a vindictive motive would be a prosecutor's statement that he or she is bringing a new charge in order to dissuade the defendant from exercising his or her legal rights."). Therefore, Defendant's claim can succeed only if a presumption of vindictiveness arises under the circumstances.

### b. Presumption of vindictiveness

A presumption of prosecutorial vindictiveness arises when "there exists a reasonable likelihood of vindictiveness." *Id.* at 461. This presumption of vindictiveness arises only in "rare instances." *United States v. Kriens*, 270 F.3d 597, 602 (8th Cir.2001) (citing *United States v. Beede*, 974 F.2d 948, 952 (8th Cir.1992)); *see Rodgers*, 18 F.3d at 1430 ("The court will presume an improper vindictive motive 'only in cases in which a reasonable likelihood of vindictiveness exists.'" (quoting *Goodwin*, 457 U.S. at 373, 102 S.Ct. 2485)). Even when the presumption does arise, the presumption of vindictiveness can be rebutted by the government. *Campbell*, 410 F.3d at 462.

When there is "no evidence of improper motive on the part of [the prosecutors]," the vindictive prosecution claim must fail. *United States v. Leathers*, 354 F.3d 955, 963 (8th Cir.2004).

"[T]here can be no prosecutorial vindictiveness if the prosecutor revised the charge because of newly discovered evidence," *[Punelli*, 892 F.2d at 1372], or if some event or combination of events "'indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was mo-

tivated by some purpose other than a vindictive desire'" to punish for the exercise of a right, *id.* at 1371 (quoting *United States v. Krezdorn,* 718 F.2d 1360, 1365 (5th Cir.1983) (en banc), *cert. denied,* 465 U.S. 1066, 104 S.Ct. 1416, 79 L.Ed.2d 742 (1984)).

*Rodgers,* 18 F.3d at 1430.

■ Here, Defendant argues that the presumption of vindictiveness arises because the government charged him with a slightly different firearms crime after he was acquitted of a crime involving the same underlying facts. This is not one of the "rare instances" in which the rebuttable presumption arises. *See Kriens,* 270 F.3d at 602 (explaining that the defendant did not "benefit" from the presumption "simply because the federal government prosecuted him after he refused to plead guilty in state court"); *see also Goodwin,* 457 U.S. at 382–83, 102 S.Ct. 2485 ("[T]he mere fact that a defendant refuses to plead guilty and forces the government to prove its case is insufficient to warrant a presumption that subsequent charges in the charging decision are unjustified.").

In *United States v. Rodgers,* 18 F.3d 1425 (8th Cir.1994), two defendants faced a drug conspiracy charge and possession with intent to distribute charges, and both defendants proceed to trial on July 7, 1992. *Id.* at 1427. The jury found the two defendants not guilty on the possession charges, but the jury was unable to come to a decision on the conspiracy charge, so it resulted in a mistrial. *Id.* at 1427–28. On July 21, 1992, the government filed a new indictment which recharged the conspiracy count and, for the first time, charged the defendants with using a firearm in relation to the drug crimes and charged one of the defendants with a new drug crime. *Id.* at 1428. The defendants sought dismissal of the second indictment based upon prosecutorial vindictiveness and argued that the government's decision to add the new gun charges and drug charge violated their rights. *Id.* at 1429. "The district court found no vindictiveness and denied the motion to dismiss." *Id.* A jury convicted both defendants of most of the charges during their second trial. *Id.* at 1428.

The Eighth Circuit Court of Appeals held that "the defendants' acquittals on the possession with intent to distribute charges in the first trial did not involve the exercise of a right by the defendants which would raise a presumption of vindictiveness." *Id.* at 1430 (citing *United States v. Esposito,* 968 F.2d 300 (3d Cir.1992)). The Eighth Circuit Court of Appeals explained that "[t]he additional charges [in *Rodgers* ] were brought by reindictment following a mistrial on the conspiracy charge, and not because the defendants elected to proceed initially by jury trial." *Id.*

This case is similar to a case in the Third Circuit upon which the Eighth Circuit Court of Appeals has relied and summarized as follows:

In *[United States v.] Esposito,* [968 F.2d 300 (3d Cir.1992),] the government indicted a defendant on substantive drug offenses after the defendant had been acquitted in an earlier RICO trial where the same drug transactions had been listed as predicate acts. *Id.* at 301–02. The defendant claimed that this constituted a vindictive prosecution, asserting that the government punished him for exercising his right to trial and thereby deterred his right to plead not guilty. *Id.* at 303. The court disagreed. Providing a very thorough analysis, the Third Circuit [Court of Appeals] concluded that there is no presumption of vindictiveness when the government chooses to indict a defendant on individual acts that arose out of the same nucleus of facts which resulted in an earlier acquittal. *Id.* at 303–07. The government "did not react because Esposito invoked

or exercised a constitutional right; he was simply acquitted by a jury." *Id.* at 305. The court found that the earlier acquittal is a legitimate prosecutorial consideration, because the government is not punishing the defendant for exercising a right but rather for the crimes he committed. *See id.* at 304. [The Eighth Circuit Court of Appeals] agree[s] with the Third Circuit [Court of Appeals'] analysis in *Esposito* and adopt[s] its reasoning as [its] own. *Rodgers,* 18 F.3d at 1430–31.

The court finds that the circumstances of Defendant's case are similar to the circumstances in *Esposito.* The circumstances here do not raise a presumption of vindictiveness.

The court shall deny Defendant's Motion insofar as he argues he was the victim of vindictive prosecution.

### B. Pre–Indictment Delay

Defendant's second claim in his Motion is that the government purposefully delayed the prosecution of his case in order to harass him and to gain tactical advantage.

### 1. The parties' arguments

Defendant argues that the Indictment should be dismissed due to pre-indictment delay, because the government called witnesses before the grand jury on January 7, 2004, and March 23, 2005, but then waited until September 8, 2006, to seek the Indictment. Defendant claims that this delay prejudiced him because the date of the alleged offense is on or before June 30, 2003. He argues that he is prevented from having a fair trial because the delay "has resulted in the loss of memory and witnesses significant to the defense of his case." Defendant claims he was actually prejudiced and harassed.

In response, the government argues that there has been no violation of due process because Defendant cannot show (1) that the delay resulted in actual and substantial prejudice to the defense or (2) that the government intentionally delayed the indictment either to gain a tactical advantage or to harass him.

### 2. Legal analysis

■ "The Fifth Amendment's due process clause prohibits unreasonable pre-indictment delay." *United States v. Sprouts,* 282 F.3d 1037, 1041 (8th Cir.2002) (citing *United States v. Sturdy,* 207 F.3d 448, 451–52 (8th Cir.2000)).

> [D]efendants claiming a due process violation for pre-indictment delay must carry the burden of proof on two separate elements. The defendant must establish that: (1) the delay resulted in actual and substantial prejudice to the presentation of his defense; and (2) the government intentionally delayed his indictment either to gain a tactical advantage or to harass him. *[Sturdy,* 207 F.3d at 452]; *see also United States v. Grap,* 368 F.3d 824, 829 (8th Cir.2004); *Sprouts,* 282 F.3d at 1041.

*United States v. Jackson,* 446 F.3d 847, 849–50 (8th Cir.2006) (footnote omitted). If Defendant is unable to establish actual prejudice, the court "need not assess the government's rationale for the delay." *Sprouts,* 282 F.3d at 1041.

■ Defendant must first show that the pre-indictment delay "resulted in actual and substantial prejudice to the presentation of his defense." *Jackson,* 446 F.3d at 849.

> To prove actual prejudice, [Defendant] must identify witnesses or documents lost during the period of delay, and not merely make speculative or conclusory claims of possible prejudice caused by the passage of time. *[Sturdy,* 207 F.3d at 452]. [Defendant] also has the burden of showing that the lost testimony

or information was not available through other means. *Id.*

*Sprouts,* 282 F.3d at 1041. The Eighth Circuit Court of Appeals has noted that, "as the delay increases, the specificity with which prejudice must appear, diminishes." *United States v. Naftalin,* 534 F.2d 770, 773 (8th Cir.1976). Also, where a case "hing[es] on identification by one or few eyewitnesses, delay raises a 'lurking danger of misidentification.'" *Id.* (quoting *Robinson v. United States,* 459 F.2d 847, 853 (D.C.Cir.1972)).

■ Here, there was about a thirty-nine month delay between the time of the alleged offense and the time the government filed the Indictment. Defendant claims only that "the delay has resulted in loss of memory and witnesses significant to the defense of his case." (docket no. 13, at 4). He does not identify specific witnesses or documents that were lost during the delay. Defendant merely makes a general accusation and speculates about possible prejudice resulting from the thirty-nine month delay. He has not shown how his ability to defend himself has been actually prejudiced by this delay. *Cf. United States v. Barket,* 530 F.2d 189, 192 (8th Cir.1976) (upholding the district court's finding that, during the forty-seven-month delay, "six material witnesses had died and others had faded memories of events crucial to [the defendant's] defense").

Therefore, despite the thirty-nine month delay between the time Defendant allegedly committed the firearms offense and the time the government filed the Indictment, the court finds that Defendant has not shown actual and substantial prejudice. Because he has not established actual prejudice, the court need not assess the reason for the delay. *See Sprouts,* 282 F.3d at 1041.[4] Defendant has not been denied his right to Fifth Amendment due process due to pre-indictment delay. His Motion shall be denied.

## IV. CONCLUSION

For the foregoing reasons, it is hereby **ORDERED:**

(1) Defendant James Joseph Sheridan's Motion to Dismiss (docket no. 13) and Supplement/Addendum to Motion to Dismiss (docket no. 19) are **DENIED;**

(2) The trial schedule established in the court's November 15, 2006 Trial Scheduling Order (docket no. 18) remains in effect; and

(3) The period between the filing of Defendant's Motion to Dismiss and this Order is excluded from calculation under the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(F) (excluding delay resulting from the filing of any pretrial motion through the prompt disposition of the motion); 18 U.S.C. § 3161(h)(1)(J) (excluding "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court").

**IT IS SO ORDERED.**

---

4. Although the government did not explain the reason for the delay in its Resistance, the court notes that it has one of the busiest criminal dockets in the nation.