# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1149

_____

United States of America,       *
                                      *

           Appellee,       *

                                       *   Appeal from the United States
      v.                          *   District Court for the
                                      *   Western District of Missouri.

Rufus Wright,               *

                                      *      [UNPUBLISHED]
          Appellant.     *

_____

Submitted: June 1, 2007
Filed: June 7, 2007

_____

Before COLLOTON, BEAM, and BENTON, Circuit Judges.

_____

PER CURIAM.

A jury found Rufus Wright guilty of conspiring to possess more than 50 grams of actual methamphetamine with intent to distribute, in violation of 21 U.S.C. § 846, and possessing more than 50 grams of actual methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). The district court[1] sentenced him to life in prison and 10 years of supervised release, the statutory minimum. On appeal, his counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), and has

_____

[1]The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri.

moved to withdraw, and Wright has filed a pro se supplemental brief. For the reasons discussed below, we affirm the judgment of the district court.

First, we conclude that the district court did not err by denying Wright's motion to suppress the drugs seized from his vehicle because the officer had reasonable suspicion (or even probable cause) to believe that Wright was transporting drugs and therefore to ask him some additional questions after issuing him a warning for traffic violations, after which Wright consented to the search. See United States v. Long, 320 F.3d 795, 800 (8th Cir. 2003). Second, we conclude that it did not violate the Confrontation Clause for a confidential informant and his wife (whose identities were known to the defense) not to be called to testify at trial. See United States v. Drew, 894 F.2d 965, 968 (8th Cir. 1990).

Third, we conclude that the evidence was sufficient to support Wright's possession-with-intent conviction, see United States v. Cuevas-Arrendondo, 469 F.3d 712, 715 (8th Cir. 2006), as well as his conspiracy conviction, see United States v. Rodgers, 18 F.3d 1425, 1428-29 (8th Cir. 1994). Fourth, the officer who interviewed Wright at jail was not required to document his giving of warnings under Miranda v. Arizona, 384 U.S. 436 (1966), in written, audiotaped, or videotaped form. See United States v. Williams, 429 F.3d 767, 772 (8th Cir. 2005).

Finally, after reviewing the record independently pursuant to Penson v. Ohio, 488 U.S. 75 (1988), we conclude that there are no non-frivolous issues for appeal. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw. Having found no merit to the appeal, we deny as moot Wright's motion for the appointment of new counsel.

_____