UNITED STATES of America,
Plaintiff,

v.

Michael Rowan KNUTSON, Defendant.

No. 4:07–cr–00228.

United States District Court,
S.D. Iowa,
Central Division.

Aug. 18, 2008.

———

Andrew H. Kahl, Clifford D. Wendel, United States Attorney's Office, Des Moines, IA, for Plaintiff.

Robert C. Dopf, Urbandale, IA, for Defendant.

## ORDER ON DEFENDANT'S MOTION TO DISMISS SUPERSEDING INDICTMENT AND MOTION TO STRIKE NOTICE OF PRIOR CONVICTIONS

ROBERT W. PRATT, Chief Judge.

Before the Court is a Motion to Strike Notice of Prior Convictions and a Motion to Dismiss Superseding Indictment filed by the Defendant, Michael Knutson, on July 9, 2008. Clerk's Nos. 114, 116. The Government filed a resistance to the motions on July 24, 2008. Clerk's No. 151. Defendant filed a supplemental brief on August 12, 2008. Clerk's No. 186. The Government responded on August 13, 2008. Clerk's No. 187. The matter is fully submitted.

## I. PROCEDURAL BACKGROUND

On September 25, 2007, a grand jury returned a single count indictment charging Defendant with bank robbery, with the use of a dangerous weapon, in violation of 18 U.S.C. § 2113(a) and § 2113(d). Clerk's No. 4. The charge relates to the May 16, 2007 robbery of First Bank in West Des Moines, Iowa. On June 18, 2008, the Government filed an Enhancement Information and Notice of Prior Conviction pursuant to 18 U.S.C. § 3559(c). On June 25, 2008, a grand jury returned a superseding indictment, charging Defendant with both brandishing a firearm during the West Des Moines bank robbery, in viola-

tion of 18 U.S.C. § 924(c), and a second bank robbery with an additional weapons charge. Clerk's No. 95. The second bank robbery occurred on July 26, 2008 at U.S. Bank in Des Moines.

## II. FACTUAL BACKGROUND

The Government and Defendant agree that prior to the Government filing either the 3559 notice or the superseding indictment, they entered into plea discussions. Pl.'s Br. at 5. During this meeting, the Government concedes it "made clear" that if a plea agreement was not reached, then the Government would filed a 3559 notice. Id. The Government also acknowledges that a "20–year disposition was discussed" at the meeting. Id. Defendant asserts that the Government "insisted" on a plea that would result in a sentence of 240 months, even after any substantial assistance motion. Def.'s Br. at 3. In contrast, the Government states that no formal plea offer was ever extended. Pl.'s Br. at 5. The Government also asserts that defense counsel was seeking a "global resolution" to not only the current charges, but also to any and all of the Defendant's other potential bank robbery charges. Id. at 6. Finally, the Government contends it made no assurances that it would halt its investigations into either of the bank robberies specified in the superseding indictment. Id. The parties did not reach a plea arrangement. Def.'s Br. at 4.

## III. LEGAL ANALYSIS

 The Defendant contends that the Government's decision to file a 3559 notice and the superseding indictment was "retribution and punishment" for the Defendant choosing not to accept a plea agreement, and thus, was vindictive prosecution in violation of the Due Process Clause of the Fifth Amendment. Def.'s Br. at 4. Defendant's argument is not persuasive.

■ The Supreme Court has long held that "to preserve the plea negotiation process, with its correspondent advantages for both the defendant and the State ... 'additional' charges *may* be used to induce a defendant to plead guilty." *U.S. v. Goodwin*, 457 U.S. 368, 380 n. 10, 102 S.Ct. 2485, 73 L.Ed.2d 74 (1982). This principle was first articulated in the *Bordenkircher* case, where the Supreme Court found no Fourteenth Amendment Due Process violation when a prosecutor increased the severity of the charges after the defendant refused to plead and where the prosecutor's intention to do so was "clearly expressed" to the defendant. *Bordenkircher v. Hayes*, 434 U.S. 357, 360, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978). There are, however, limits on a prosecutor's discretion as the decision to increase charges cannot be based upon impermissible factors such as "race, religion, or other arbitrary classification" or vindictively as a penalty for a "person's reliance on his legal rights." *Id.* at 668–69, 98 S.Ct. 663 (quoting *Oyler v. Boles*, 368 U.S. 448, 456, 82 S.Ct. 501, 7 L.Ed.2d 446 (1962)). In a later case, the Supreme Court stated that a presumption of vindictiveness would not automatically arise merely because a prosecutor enhanced the charges after the failure of a pretrial plea negotiation. *Goodwin*, 457 U.S. at 381–82, 102 S.Ct. 2485. Instead, the Supreme Court left open the option of proving "objectively" that the prosecutor was vindictive, that is "motivated by a desire to punish [the defendant] for doing something that the law plainly allowed him to do." *Id.* at 384, 102 S.Ct. 2485.

The Eighth Circuit has elaborated on this jurisprudence, stating that a defendant bears a "heavy" burden "to show that the prosecution was brought in order to punish the defendant for the exercise of a legal right." *U.S. v. Campbell*, 410 F.3d 456, 461 (8th Cir.2005). In applying this standard, the Eighth Circuit found no constitutional violation when a defendant chose not to plead guilty, despite knowing that the prosecutor would, and indeed did, file a habitual criminal charge. *Luna v. Black*, 772 F.2d 448, 449–50 (8th Cir.1985). Likewise, the Eighth Circuit found no actual or presumptive vindictiveness when the federal government prosecuted an individual who refused to plead guilty in state court. *U.S. v. Kriens*, 270 F.3d 597, 602 (8th Cir.2001).

Here, Defendant has not met the heavy burden of proof required for showing prosecutorial vindictiveness. As his brief virtually concedes, no presumption of vindictiveness arises merely because the Government chose to enhance the charges after the plea discussions. Def.'s Br. at 6–7; *see Goodwin*, 457 U.S. at 384, 102 S.Ct. 2485. Likewise, Defendant has also failed to show any objective evidence of vindictiveness. The alleged "verbalized threat" at the plea meeting is nothing more than the prosecutor informing Defendant that if he did not accept a plea, then an enhancement would be filed. *Id.* at 7–8. This is similar to the acceptable situations in both *Bordenkircher* and *Luna*, as both of those defendants also knew that if they did not enter into a plea, they would face increased charges. *Bordenkircher*, 434 U.S. at 360, 98 S.Ct. 663; *Luna*, 772 F.2d at 449–50. Additionally, the timing of the Government's superseding indictment and its decision to seek the indictment only after the failed plea discussions also provide no objective evidence of vindictiveness. Indeed, such was the scenario in both *Bordenkircher* and *Luna*. *Bordenkircher*, 434 U.S. at 360, 98 S.Ct. 663; *Luna*, 772 F.2d at 449–50. Moreover, as noted previously, there is no evidence of vindictiveness by the increased charges because " 'additional' charges *may* be used to induce a defendant to plead guilty." *Goodwin*, 457 U.S. at 380 n. 10, 102 S.Ct. 2485.

Finally, the Defendant's contention that the Government had an improper motive, based on the Government allegedly requiring a set sentence even after substantial assistance motions, is also unpersuasive. Def.'s Supp. Br. at 5. First, the Defendant has not provided specific evidence as to the exact nature, or even to the existence, of the allegedly improper threat. The Defendant's supplemental brief merely mentions that the plea discussions broke down due to the substantial assistance issue. Def.'s Br. at 10. Thus, the Defendant has not produced sufficient evidence to sustain his heavy burden of establishing prosecutorial vindictiveness. Second, even if sufficient evidence existed, it would still not affect the disposition of the motions because the prosecutor simply cannot limit a judge's discretion on a substantial assistance motion, other then by refusing to file such a motion in the first instance. Accordingly, the alleged condition of the plea discussions would not lead to an impermissible result. It was a meaningless condition, which both parties reasonably should have known. Finally, even if the proposed condition had any significance, the Court still believes it would be insufficient to demonstrate an improper prosecutorial motive.

## IV. CONCLUSION

For the reasons discussed above, both the Motion to Strike Notice of Prior Convictions (Clerk No. 114) and the Motion to Dismiss the Superseding Indictment (Clerk's No. 116) are DENIED.

IT IS SO ORDERED.